**COLLEX, INC., and Collex Leasing, Inc.**

v.

**Dudley WALSH and Dawgo International, Inc.**

**Civ. No. 74–2170.**

United States District Court,
E. D. Pennsylvania.

May 16, 1975.

Paul N. Sandler, Philadelphia, Pa., for plaintiffs.

Dudley Walsh pro se.

MEMORANDUM AND ORDER

FOGEL, District Judge.

Defendant Dudley Walsh on his own behalf and on behalf of defendant Dawgo International, Inc. has filed a *pro se* motion in which he seeks a stay of execution upon a default judgment, while he obtains the documents filed of record

in this matter, and also asks us to set aside a default judgment in the amount of $261,250.00 obtained by plaintiffs against him and the corporate defendant. For reasons set forth in this memorandum, we will entertain the motion to set aside the default, and we will order an appropriate stay of execution, pending determination of that motion.

Collex, Inc. and Collex Leasing, Inc., filed suit on August 21, 1974, alleging breaches of a franchise agreement and of an oral lease. Jurisdiction, based upon diversity of citizenship, was alleged under 28 U.S.C. § 1332; both jurisdiction and venue appear to lie properly in this Court, in view of the terms of the franchise agreement. Service was made on both defendants on August 29, 1974, as per the Marshal's return. On August 29, 1974, an Amended Complaint was filed, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. This amendment claimed damages in the amount of $250,000.00 plus interest, as a sum certain due and owing to plaintiffs. Service of this pleading was made on September 20, 1974, as evidenced by the Marshal's return.

An Order of this Court was filed on February 25, 1975, setting forth time frames within which the litigation was to proceed. Discovery was to be completed by May 20, 1975; a settlement conference, as per that Order, was set for May 29, 1975; a final pretrial order was to be filed on August 15, 1975; a final pretrial conference was scheduled for September 12, 1975; trial was set to begin on September 22, 1975. A final provision of the Order required that any motion with respect to change of venue, or stay of the proceedings should be filed by March 20, 1975, together with briefs in support thereof, and any answer in opposition thereto would then become due on April 7, 1975.

The plaintiffs attempted to amend the complaint a second time on February 27, 1975. However, leave of court was not granted, and the amendment accordingly was not permitted. On April 1, 1975, the Clerk was requested to enter judgment by default against the defendants for failure to move or otherwise plead. The judgment was entered by the Clerk of this Court, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, for the sum certain of $261,250.00, which represented the demand in the amended complaint, together with interest to that date.

The receipt of notice of the judgment provoked a flurry of letters from defendant Dudley Walsh. This Court admonished him that:

communications directed to chambers are not a substitute for filings of record with the Clerk of the District Court.

No action can be taken by this Court on any matter which has not been filed of record.[1]

The defendant responded by filing his *pro se* motion with the clerk. He claims that the attorney who represented him in this suit has not forwarded to him the papers necessary to respond to the complaint, amended complaint, and request for entry of default. Apparently this attorney no longer represents Mr. Walsh, since Mr. Walsh is now acting for himself, *pro se*. Mr. Walsh therefore seeks a stay of the judgment and of all proceedings, so that he may obtain his papers, and he further seeks to set aside the default, and stay proceedings in this Court, pending the outcome of a suit arising out of the same controversy, which is now in the Supreme Court of New York for Nassau County.

Mr. Walsh and his attorney were present in chambers for conferences scheduled by us in this matter on February 6, 1975, and February 20, 1975. However, we were informed that the attorney appeared as a friend, and not as retained counsel. Also, he has never entered his apperance of record, nor has

1. Letter from Judge Herbert A. Fogel to Mr. Dudley Walsh, dated April 23, 1974.

he filed any pleadings on behalf of defendants.

It is clear that the failure to plead or otherwise defend is proper ground for an entry of default; Rule 55(a) of the Federal Rules of Civil Procedure. If the amount demanded is a sum certain, if affidavits are filed to that effect, and if the party has not appeared, judgment by default for the sum certain stated may be entered by the clerk; Rule 55(b) of the Federal Rules of Civil Procedure. No notice of the application for judgment is necessary, if an appearance has not been entered. *See* Rule 55(b)(2). An entry of appearance is made by the filing of a pleading, motion, stipulation or praecipe with the Clerk; Rule 15(a) of the Local Rules of Civil Procedure, United States District Court for the Eastern District of Pennsylvania. Prior to the receipt and filing of the present motion, nothing had been filed by the defendants in this case.

On the other hand, it is explicitly presumed that an individual may represent himself in federal court; *see* Local Rule 15(b). We have no interest in denying to any person the right to handle his or her own suit. The privilege of open courts and the right of individuals to use those courts is one of the cornerstones of the administration of justice in our federal system. When access to the courts is the only means to alter fundamental human relationships, that access may not be placed beyond the reach of any citizen. Boddie v. Connecticut, 401 U.S. 371, 382–83, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). The Court in *Boddie* refused to hold that *access* to the courts is guaranteed in all cases by the due process clause of the fourteenth amendment. However, that case was decided within the context of the right of a plaintiff to maintain an action. The Court expressly recognized the involuntary nature of a defendant's need to avail himself of the right to defend afforded by the judicial process.

Due process requires that right of access. To suggest that a defendant, who represents that he is financially unable to obtain counsel, must suffer the consequences of the entry of a default against him for that reason would contravene every concept of due process, equal protection and fundamental fairness that the *Boddie* court relied upon.

The individual defendant in this case, however, has not been denied access to the courts. He simply is unfamiliar with procedure in the federal courts. Without counsel, he has until now been unable to proceed properly. As a result, the action, of its own momentum, has culminated in the entry of the default judgment. We make no determination, at this juncture, on the merits of the motion to set aside that default. However, the interests of justice require that we at least entertain it. Therefore, we will require that plaintiffs respond to the motion by way of answer and memorandum setting forth their reasons in support of their position that the default judgment be sustained.

The defendants should not misunderstand our action in this matter. Rules 55 and 60 of the Federal Rules of Civil Procedure are explicit in setting forth the standards for setting aside a default. Rule 55(c) states:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Judgment by default has been entered in this matter. Accordingly, Rule 60(b) is controlling:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time

to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The rule is clearly addressed to the discretion of the Court. *See* Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951); 7 J. Moore, Federal Practice ¶ 60.19 (2d ed. 1974). We do not intend to grant such a motion solely because it is brought. It will be the responsibility of the defendants to present good reasons within the purview of Rule 60(b) and the cases, if they are to persuade us to exercise our discretion on their behalf.

If defendants are unable to do so without the aid of counsel, because of their inexperience with the law, then they should avail themselves of the opportunity to obtain legal aid. Defendants have been and are now being afforded every opportunity in this matter, but there does come a point when even the most liberal standards of due process have been satisfied. Therefore, in order to open the judgment, defendants must establish facts which satisfy the criteria of Rule 60(b) of the Federal Rules of Civil Procedure, and the controlling case law. If they can do so, *pro se*, so be it. If not, then they must understand that the ultimate outcome of their motion will be decided in accordance with the pertinent legal precepts governing such matters. An Order will be entered accordingly.