**COLLEX, INC. and Collex Leasing, Inc.**

v.

**Dudley WALSH and Dawgo International, Inc.**

**Civ. A. No. 74–2170.**

United States District Court, E. D. Pennsylvania.

Nov. 19, 1975.

Paul N. Sandler, Philadelphia, Pa., for plaintiff.

Dudley Walsh, pro se.

## OPINION AND ORDER

FOGEL, District Judge.

Before us are plaintiffs' motion to vacate the stay of execution of a default judgment, defendants' motion to set aside the default, and defendant Dudley Walsh's *pro se* memorandum of law in opposition to the motion to vacate. Although no formal answer as such was filed, we construed certain allegations in Mr. Walsh's memorandum as if they constituted both an answer to the amended complaint and a motion to dismiss or stay this action, pending resolution of a matter between the same parties in the Supreme Court of New York for Nassau County.[1] Accordingly, we requested counsel for plaintiffs to submit a brief with respect to these matters. We have considered all of the arguments raised by the parties. For the reasons which follow, we will vacate the stay of execution and deny defendants' motions.

This action began as a suit for breach of a franchise agreement, against Dudley Walsh and his company, Dawgo International, Inc. Plaintiffs are Collex, Inc., and Collex Leasing, Inc., franchisors of automobile collision repair shops. An amended complaint increased the damage claim to $250,000. No answer was filed in response to either the original or the amended complaint, nor was any appearance ever entered, despite Mr. Walsh's presence with an attorney at several conferences before the Court. After several months, plaintiffs obtained a default judgment. Defendants then sought a stay of execution to permit Mr. Walsh to obtain a copy of the record[2] and to answer the complaint and amended complaint. In an Opinion and Order issued on May 16, 1975, (published at 394 F.Supp. 225 (E.D.Pa. 1975)), we granted a stay of execution to permit a written motion to be filed to set aside the default. We advised Mr. Walsh that his interests would be best

1. Hereafter in this Opinion, this memorandum will sometimes be referred to as defendants' answer, and sometimes as defendants' motion to dismiss. Only one document, however, the memorandum, was filed.

2. Mr. Walsh's attorney had never been formally retained in the action, and was no longer assisting defendants. *See Collex, Inc. v. Walsh,* 394 F.Supp. 225 (E.D.Pa.1975).

served by the retention of counsel. Time frames for a motion and reply were also promulgated. Due to a clerical error, the Order was not sent to Mr. Walsh until July 24, 1975. When no reply was forthcoming, plaintiffs moved this Court to vacate the stay of execution on September 25, 1975. Mr. Walsh, who had still not retained legal counsel, filed his memorandum only at that time.

Mr. Walsh alleges in his answer that he discovered in December of 1973, that there were false warranties, representations and fraud in Collex' solicitation of him as a potential franchisee, that he then attempted unsuccessfully to rescind the franchise and to receive a refund on his payments, that he thereafter ceased to use the Collex trademark, opened a shop under his own trademark, and instituted suit in New York against Collex. He asks us to open the default and stay the action, pending a determination of the rights of the parties in the New York suit.

Plaintiffs oppose the motion, and argue that defendants have received far more leniency from this Court than they deserve; moreover, they argue that despite all of the opportunities that we have given them, defendants have consistently failed and refused to abide by the requirements of the Federal Rules of Civil Procedure and the Orders of this Court. Under the factual circumstances of this case, we agree with plaintiffs. Accordingly, defendants' motions to set the default judgment aside, and for a stay or dismissal of the action, will be denied, and the present stay of execution will be vacated.

A motion for relief from judgment in the context of the instant case is governed by Rule 60(b) of the Federal Rules of Civil Procedure (FRCP), which provides as follows (in pertinent part):

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

■ A motion to set aside a default judgment is addressed to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In reviewing such a motion, Rule 60(b) should be construed liberally. A court should seek to avoid determining matters involving large sums by default judgments. *Id.* at 245. The interests of justice are generally best served by a trial on the merits. *Id.* It was for these reasons that we stayed execution on the judgment in our Order of May 16, 1975. However, we made it quite clear in that Order and in the Opinion accompanying it that we would handle the matter in the same manner as all other litigation is treated in accordance with our usual pretrial and trial procedures.

We set time frames for submission of memoranda of law, motions, answers, affidavits and any other material deemed pertinent. We also advised the defendants of the perils of proceeding without counsel:

> If defendants are unable to do so [properly pursue a Rule 60(b) motion] without the aid of counsel, because of their inexperience with the law, then they should avail themselves of the opportunity to obtain legal aid. Defendants have been and are now being afforded every opportunity in this matter, but there does come a point when even the most liberal standards of due process have been satisfied. Therefore, in order to open the judgment, defendants must establish facts which satisfy the criteria of Rule 60(b) of the Federal Rules of Civil Procedure, and the controlling case law. If they can do so, *pro se,* so be it. If not, then they must understand that the ultimate outcome of their motion will be decided in accordance with the pertinent legal precepts governing such matters.

*Collex, supra,* at 228. Defendants have nonetheless chosen to proceed *pro se.* We will not deem excusable those errors which accordingly have resulted from their lack of familiarity with the legal process. The repeated allegations that Mr. Walsh could not file an answer because he could not retrieve his papers from the attorney who advised him in the early stages of this matter, have lost their ring after six months of repetition. One of the purposes of the extended time frames established in our May 16, 1975, Order was to permit defendants to retrieve those very papers, or to obtain the necessary materials elsewhere. No memorandum was forthcoming from defendants, however, until September 25, 1975, after plaintiffs had filed a motion to vacate the stay of execution. This was at least two months after defendants received a copy of our Opinion and Order of May 16, 1975, and well beyond the time limits set forth in that Order. We see neither mistake, inadvertence, surprise, nor excusable neglect in this complete disregard of one's responsibilities to the Court by a party; and we are not impressed by any protestation that defendants were doing their best without the aid of counsel when there has not been the slightest effort made to comply with the directions of this Court. *Cf. Kinnear Corp. v. Crawford Door Sales Co.,* 49 F.R.D. 3 (D.S.C.1970) (*pro se* defendant's letters construed to be an answer, when they were clearly intended to be so, and only form was insufficient); *Woods v. Severson,* 9 F.R.D. 84 (D.Neb.1948) (*pro se* defendant sent answer to plaintiff's attorney, but failed to file it with the Court, due to lack of familiarity with procedures; construed as answer). *See* Rule 60(b)(1).

It is abundantly clear that no newly discovered evidence has been presented to us. Rule 60(b)(2). The only additional fact which we have learned is the existence of a law suit in the state of New York between these same parties. The New York suit was filed in January, 1974, at least seven months *prior* to the filing of this action, and Mr. Walsh must concede that *he* had had notice of that action, since he is the plaintiff. Throughout the pendency of this case, which has included several conferences at which defendant Walsh has been present, that matter was not brought to our attention. It is too late now, fourteen months after the filing of this action, and six months after defendants received notice of the entry of a default judgment, to raise the pendency of the New York case as a basis for setting aside the default.

There has been no allegation of fraud, misrepresentation, or other misconduct

by plaintiffs; nor, based on all of the material before us, could such an allegation be sustained. It was the duty of defendants, not of plaintiffs, to apprise the Court of the New York lawsuit. Furthermore, we are not convinced that the issues are closely enough related to require a stay or transfer of this action. *Cf. County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). Similarly, no one has suggested that the judgment is void; that it has been satisfied, released, or discharged; or that there is any other inequity in its being given full force and effect. Thus, there is no reason to set aside the default under Rule 60(b)(3), (4) or (5).

The final basis available for relief is Rule 60(b)(6):

> any other reason justifying relief from the operation of the judgment.

A litigant may choose to proceed pro se, but he does not have the untrammelled right to totally disregard the procedures mandated by the court. We have given defendants a number of bites at the apple, all to no avail. They have disregarded our orders, and have failed to comply with the Federal Rules of Civil Procedure. A default judgment is a high price to pay, but defendants have been on clear notice of that price for many months. The plaintiffs have been diligent and responsible in their actions, despite considerable delay in connection with the relief they have lawfully obtained and to which they are entitled. There is no basis in law or equity for depriving them of that relief any longer.

Since no good reason exists to set aside the default, and because defendants have already abused one stay of execution, we will deny all of their motions relating to a continued stay of execution or of this action, and, accordingly, we will vacate the present stay.