**COLLEX, INC. and Collex Leasing, Inc.**

v.

**Dudley WALSH and Dawgo International, Inc.**

**Civ. A. No. 74–2170.**

United States District Court, E. D. Pennsylvania.

April 26, 1977.

---

Paul N. Sandler, Hovsepian & Sandler, Philadelphia, Pa., for plaintiff.

Laurence D. Mass, Rosalie E. Simmonds, Community Legal Services, Inc., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Before us is defendant, Dudley Walsh's motion to reconsider our denial of his prior request to set aside a default judgment.[1] Plaintiffs, Collex, Inc. and Collex Leasing, Inc., obtained a default judgment against defendants, Dudley Walsh and Dawgo International, Inc., on April 1, 1975. On April 25, 1975, defendant Walsh filed a motion which sought a stay of execution and vacation of the judgment. We granted a stay of execution as per our Memorandum and Order issued May 16, 1975 (published at 394 F.Supp. 225 (E.D.Pa.1975)); the motion to set aside the judgment was denied in our Opinion and Order of November 19, 1975 (published at 69 F.R.D. 20 (E.D.Pa.1975)).

Defendant Walsh filed the instant motion on March 11, 1976. For the reasons set forth in this Opinion, we will deny the motion with respect to defendant's request that the default be set aside, and grant defendant's request for a hearing on damages.

The extensive history of this litigation has already been set forth fully in our two prior Opinions and will not be repeated. Suffice it to say that subsequent to our November 19, 1975 Opinion and Order denying defendant's *pro se* motion to set aside the default judgment, he took no further action to contest that ruling until March 11, 1976, when the motion now before us was filed by his present counsel, Community Legal Services, Inc.

There is no averment of newly discovered evidence; each of the contentions raised in the motion now before us, could have, and should have been made in defendant's initial motion to set aside the default judgment. It is pertinent to cite the following statement from our May 16, 1975 Opinion in this connection:

1. Alternatively, defendant requests a hearing to ascertain the amount of damages.

2. F.R.Civ.P. 55(b)(2) provides, in pertinent part,
   If the party against whom judgment by default is sought has *appeared in the action,* he

It will be the responsibility of the defendants to present good reasons within the purview of Rule 60(b) and the cases, if they are to persuade us to exercise our discretion on their behalf.

If defendants are unable to do so without the aid of counsel, because of their inexperience with the law, then they should avail themselves of the opportunity to obtain legal aid. Defendants have been and are now being afforded every opportunity in this matter, but there does come a point when even the most liberal standards of due process have been satisfied. Therefore, in order to open the judgment, defendants must establish facts which satisfy the criteria of Rule 60(b) of the Federal Rules of Civil Procedure, and the controlling case law. If they can do so, *pro se,* so be it. If not, then they must understand that the ultimate outcome of their motion will be decided in accordance with the pertinent legal precepts governing such matters. 394 F.Supp. at 228.

Hence, in ruling upon defendant's present contentions, which his counsel has articulated both lucidly and thoroughly, we must, and will keep in focus the overall history of this litigation, the numerous bites at the apple which defendant has already enjoyed, and the extreme solicitude afforded defendant in connection with the review of his prior motions.

## I. THE CONTENTIONS OF THE PARTIES

### A. *Lack of notice of the application for default judgment*

Defendant first argues in support of his motion that plaintiff failed to give three days notice of their application for a default judgment in violation of Rule 55(b)(2) of the Federal Rules of Civil Procedure; hence, he states that the default judgment must be vacated as a matter of law.[2]

. . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.
. . .
(emphasis added)

Plaintiffs counter this argument by asserting that defendant had not formally appeared in this action in any fashion recognized or permitted by Rule 15 of the Local Rules of the United States District Court for the Eastern District of Pennsylvania, prior to the entry of default judgment; thus they contend that the notice requirements of Rule 55(b)(2) are inapplicable and the entry of the judgment was proper.[3]

### 1. Appearance in the action

■ The first issue to be determined is whether or not defendant Walsh had "appeared in the action" prior to the entry of default judgment for the purposes of Rule 55(b)(2). After careful consideration of the facts in this case, we are convinced that the defendant did make an appearance, within the meaning of Rule 55(b)(2), prior to the entry of judgment.

Defendant contends that a party may be deemed to have made an appearance, even though there is no formal entry of appearance, when there have been contacts between the plaintiff and the defaulting party that clearly demonstrate the defaulting party intends to defend the suit. 6 Moore's Federal Practice ¶ 55.05(3); *Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 139 U.S.App.D.C. 256, 432 F.2d 689 (1970).

In the *Livermore* case, many letters were exchanged between counsel for the respective parties in an attempt to reach a settlement. Defendant made its intention to defend the suit quite clear to plaintiff, and plaintiff's counsel admitted that he knew defendant was prepared to contest the matter in court promptly, if the pending negotiations were not taken seriously by plaintiff. Based on these facts, the Court held that defendant had appeared in the action, as neither party was in any doubt that the suit would be contested, if efforts to agree were unavailing.

In *Press v. Forest Laboratories, Inc.,* 45 F.R.D. 354 (S.D.N.Y.1968), the Court held that two separate actions against many of the same defendants were in effect one suit; the Court also found that the second action was instituted only because the Court refused to allow plaintiff to amend the complaint in the earlier one. Under those circumstances the Court concluded that defendants and their representatives, who had formally appeared in the first action, had sufficient contact with plaintiff's attorney to establish a valid appearance in the later action, and accordingly were entitled to notice of application for default judgment prior to its entry.

In the matter before us, two indisputable facts clearly demonstrate the intent to defend; FIRST, the institution of a legal action in the Supreme Court of New York in January, 1974 by the defendants in this suit against plaintiffs; and SECOND, the two conferences that were held in our chambers on February 6 and 20, 1975, which resulted, in turn, in the promulgation of our Order dated February 25, 1975; that order, which established the time-frames within which this action was to proceed, included a firm trial date of September 22, 1975.

Institution of the New York action, which involved the very franchise agreement that sparked this action, and raised the same issues which would have been the basis for the defense of this action, constitutes unequivocal notice to plaintiffs of defendant's intent in this regard.

Our promulgation of time-frames, including a set trial date clearly demonstrates beyond any doubt, that all of the parties, and, indeed, the Court, unequivocally knew that this action would be contested.

Based upon all of the facts, we conclude that defendant had validly appeared in this action prior to entry of the default judgment, and therefore should have been given three days prior notice of the application for default judgment, pursuant to Rule 55(b)(2).

---

**3.** Although two conferences were held in chambers prior to the entry of default judgment, both attended by an attorney appearing on behalf of defendant, no formal entry of appearance was lodged with the Clerk's office, and counsel specifically stated that he was attending the conferences solely for the purpose of assisting defendant in settlement negotiations.

*2. The effect of failure to give notice— is the decision to open the judgment mandatory or discretionary?*

■ Having concluded that defendant had, in effect, entered his appearance prior to the entry of the default judgment, we must address ourselves to his assertion that the judgment is void because of the lack of notice and thus must be vacated as a matter of law.[4]

Rule 55(c) of the Federal Rules of Civil Procedure states:

> For good cause shown the court may' set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 60(b) states:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment.
>
> . . .

Plaintiffs assert that a motion for relief from a judgment is governed by Rule 60(b) and, accordingly, addressed to the discretion of the court; plaintiffs further argue that nothing new has been introduced to warrant a reconsideration of our Opinion and Order of November 19, 1975, which therefore should be reaffirmed.

---

**4.** Defendant argues, in the alternative, that if the decision to vacate judgment is one for our discretion, the facts in this case compel the grant of the relief sought. For the reasons stated *infra*, at pp. 448–449, we disagree.

**5.** *Hutton v. Fisher, supra,* the only Third Circuit case cited by defendant, does not actually so hold. In *Hutton* the controlling factors

We conclude that vacation of a default judgment for failure to comply with the notice requirements of Rule 55(b)(2), under the circumstances presented by this case, is a matter for our discretion under Rules 55(c) and 60(b).

Defendant has cited a number of cases in support of his contention that a judgment entered by default must be vacated when there has been a failure to give the requisite prior notice. *Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 139 U.S. App.D.C. 256, 432 F.2d 689 (1970); *Wilver v. Fisher,* 387 F.2d 66 (10th Cir. 1967); *Swallow v. United States,* 380 F.2d 710 (10th Cir. 1967); *Hutton v. Fisher,* 359 F.2d 913 (3d Cir. 1966); *Meeker v. Rizley,* 324 F.2d 269 (10th Cir. 1963); *Savoretti v. Rodriguez-Jiminez,* 252 F.2d 290 (5th Cir. 1958); *Press v. Forest Laboratories,* 45 F.R.D. 354 (S.D.N.Y.1968).[5]

The commentators have taken issue with this view and it is significant that a number of recent decisions have adopted the standards of Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure in deciding whether to vacate a default judgment improperly entered because of the failure to give the requisite notice. See, 7 Moore's Federal Practice ¶ 60.25[2].

> While the failure to give the required notice is generally regarded as a serious procedural irregularity that may afford the basis for reversal on appeal, or for relief under an appropriate clause of Rule 60(b) and in conjunction with other irregularities may render the judgment void, the error should not usually be treated as so serious as to render the judgment void. It should be considered in the light of surrounding circumstances and will, at times, be harmless.

In *Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087 (10th Cir. 1970), plain-

---

were, first, that plaintiff's senior counsel had given defense counsel an extension of time to answer the complaint, a fact unknown to the junior associate who obtained the default judgment, and second, that one of the defendants was a minor, thus bringing into play the special procedural requirements of Rule 55(b)(2) for claims against infants or incompetents.

tiff filed suit in Illinois in March, 1966. Although there were communications between counsel for the parties, no answer was filed. On June 21, 1966, plaintiff's attorney filed an affidavit for default judgment, and had a hearing on that date; a further hearing to ascertain the amount of damages was set for June 30, 1966. No notice of either hearing was given to defendant or his counsel. On June 30, 1966 a default judgment was entered against defendant. Defendant's counsel subsequently moved to vacate the judgment under both Rule 60(b) and Rule 55(b)(2). The motion was denied and no appeal was taken from that decision. On November 18, 1966, the judgment was registered in the United States District Court for the District of Kansas. Defendant launched a collateral attack when plaintiff moved to enforce the judgment in Kansas, by filing a motion under Rule 60(b) in the Kansas District Court, on the ground that the judgment was null and void for lack of notice as required by Rule 55(b)(2). The District Court, in its findings of fact, determined that appellant had deliberately bypassed his legal remedy of appeal from the judgment and the subsequent order which denied relief under Rules 60(b) and 55(b)(2). Defendant appealed; he argued that the District Court had the power to grant relief from judgments obtained in other districts, provided the grounds for relief stated in Rule 60(b) were established; he asserted that although appellant "appeared" in the suit, default judgment was entered against him without giving three days prior written notice as required by Rule 55(b)(2). In disposing of the notice issue, the Court of Appeals stated that apparently the trial judge rejected the Rule 55(b)(2) argument, and had in fact concluded that an appearance had not been entered. The Court of Appeals held, however, that even if defendant had appeared in the action, the default judgment was not *necessarily* a void judgment, and that it should be considered "in light of surrounding circumstances". *Id.*, at 1091. The decision of the District Court was therefore affirmed.

In *United States v. Manos,* 56 F.R.D. 655 (S.D.Ohio 1972), the Clerk of the Court proceeded erroneously under Rule 55(b)(1), instead of following the procedure set forth in Rule 55(b)(2). The defendant did not receive three days notice prior to the entry of default judgment; thus, the issue before the Court was whether this procedural mistake constituted a ground, under Rules 55(c) and 60(b), for vacation of the judgment. The Court noted the well-established doctrine that the protections contained in Rule 55 are essentially procedural, and that the failure to abide by them does not in and of itself invalidate the resultant judgment; it held that the provisions of Rule 55 should not be used to punish technical violators of the Federal Rules of Civil Procedure. The Court stated that violation of the Rule 55(b)(2) notice provisions creates a *voidable* judgment within the meaning of *Rule 60(b)(6),* and not a *void* one pursuant to *Rule 60(b)(4);* it concluded that a judgment is not void merely because it is erroneous.

We adopt the reasoning of the Courts in *Winfield* and *Manos.* In addition, however, one other factor leads us to conclude that the failure to follow the notice procedures of Rule 55(b)(2) does not, in this case, require vacation of the judgment as a matter of law. Under a literal reading of Rule 55(b)(2) defendant clearly had not appeared in this action at the time default judgment was entered against him. Our finding that Defendant should be treated as one who has entered his appearance, and thus entitled to notice under Rule 55(b)(2) is based solely upon the invocation of equitable considerations which have evolved in the case law in this area. It would do violence to those very concepts of equity to give defendant, as we have, on equitable grounds, the benefit of the right to notice under Rule 55(b)(2), even though he did not file a formal entry of appearance, and then to hold that the same equitable principles cannot be considered by us in determining whether or not the judgment should be vacated; such a result would be the ultimate triumph of form over substance. We therefore hold that the failure to give notice pursuant to

Rule 55(b)(2) does not *eo ipso* mandate vacation of the judgment; rather that fact is to be considered in light of all of the surrounding circumstances and other facts of record in accordance with criteria which govern a Rule 60(b) decision.

### 3. Application of Rule 60(b) standards

■ Defendant contends that the judgment should be vacated even if Rule 60(b) standards are applied. He advances the following arguments in support of his position: FIRST, the law favors disposition of litigation on its merits, SECOND, meritorious defenses to plaintiffs' claims exist, THIRD, plaintiffs will not be prejudiced by opening the default, and FOURTH, defendant's failure to plead was by reason of excusable neglect.

We note initially that each of these arguments was carefully considered and rejected in our prior Opinion and Order of November 19, 1975. The only new factor which has been injected, (one which could have been raised in the previous motion) is the lack of notice.[6] We believe the following factors, however, are pertinent in striking the proper balance between the competing positions: FIRST, an additional four months intervened between our initial decision denying the motion to open the judgment and the filing of the motion for reconsideration now before us; SECOND, no appeal was ever taken from our prior decision to permit the judgment to stand; and THIRD, the additional factor which we are now asked to consider is one which defendant could and should have brought to our attention prior to our initial determination of the matter.

We will not repeat here, our seriatim review contained in our November 19, 1975 Opinion, of the Rule 60(b) factors which are to be taken into account in connection with requests for relief from judgments. We note the following, however: FIRST, this motion for reconsideration comes to us almost a full year after judgment was initially entered; SECOND, it comes almost eight months after we filed our Memorandum and Order of May 16, 1975, in which we detailed for defendant the standards under which his request for relief from the judgment would be reviewed (whether or not he had counsel); and THIRD, it comes four months after we denied defendant's request for relief after a thorough review of all of his arguments, points that are virtually identical to the ones he raises now once again. We will therefore reaffirm our decision of November 19, 1975; for the reasons set forth in this Opinion and in that Opinion, we decline to vacate the default judgment entered in this matter in the exercise of our discretion under F.R.Civ.P. 60(b).

### B. Ascertainment of amount of damages

Defendant's final contention in connection with his motion is that the judgment should be opened and a hearing held to determine the amount of damages suffered by plaintiffs. Defendant argues that the amount of damages claimed by plaintiffs was not a sum certain or a sum which could, by computation, be made certain, within the meaning of Rule 55(b)(1), and therefore that the award in the amount claimed, without a hearing, was in error. We agree with the defendant, and will therefore re-open this case for the limited purpose of holding a hearing on damages.

Federal Rule of Civil Procedure 55(b)(1) states, in relevant part:

**6.** Defendant also contends that we should excuse his delays, FIRST because his failure to obtain counsel to contest the default was through no apparent fault of his own, and SECOND, because he lacked familiarity with the procedures which govern the defense of claims in court. We specifically advised defendant that he could proceed in this action with or without counsel; and that we would not preclude him from handling his case *pro se.* Our subsequent decision to allow the judgment to stand was not based at all upon any notion that defendant was not diligent in his attempts to obtain counsel. We stated explicitly, however, that if defendant chose to proceed *pro se,* we would still be required to decide the matters presented to us in accordance with the applicable legal precepts governing the conduct of litigation in the federal courts. *See, Collex, Inc. v. Walsh,* 394 F.Supp. 225, 228 (E.D.Pa. 1975).

Judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount . . . .

Plaintiffs assert that the complaint, as amended, reveals a clear basis for computation of sum certain damages against defendant. Paragraph 10 of the amended complaint claims damages for breach of paragraphs 7 and 12 of the Franchise agreement on which suit was based. Paragraph 7 of that agreement calls for system fee payments of at least $300.00 per week for the first five years, $345.00 per week for the second five years, and $365.00 per week for the third five year period. Paragraph 12 requires a minimum advertising fee payment of $375.00 per month over the fifteen year period.

Defendant, on the other hand, contends that there is no evidence, whatsoever, of any connection between the claim for $250,-000.00 asserted in the amended complaint (the original complaint sought damages in the amount of $11,200.00), and the general references in paragraph 10 of the amended complaint to paragraphs 7 and 12 of the Franchise agreement. Defendant points to the Affidavit of Amount Due, submitted by plaintiffs' counsel in connection with the request for entry of default judgment, in further support of his contention; that affidavit simply asserts, without reference to any method of calculation or other basis for ascertainment of the amount due, that the sum of $261,250.00 is legally due and owing to plaintiffs.

■ Although the cases discussing the sum certain requirement of Rule 55 are few and far between and rather exiguous in their reasoning, it is clear that a *judgment* may not be entered by default without a hearing, unless the amount claimed is a liquidated amount or an amount capable of mathematical calculation. *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). See also, *Design and Development, Inc. v. Vibromatic Manufacturing, Inc.,* 58 F.R.D. 71 (E.D. Pa.1973); *Ace Grain Co., Inc. v. American Eagle Fire Insurance,* 11 F.R.D. 364 (S.D.N.Y.1951). While the agreement in this case does not provide for liquidated damages, it does provide a method for mathematical calculation of amounts due and owing under its provisions. There is no indication, however, in the amended complaint or elsewhere, that the $250,000.00 in damages claimed by plaintiffs has any relation to the payment provisions of the agreement; there is only a general reference to those provisions, along with numerous other provisions which plaintiffs claim were breached by defendant, without any explanation of how those provisions were utilized to arrive at the damage figure claimed. The only inference that can be drawn from the complaint and amended complaint is that plaintiffs' damage claims are based on breaches of each of the contractual provisions cited in the pleadings, and that the $250,000.00 figure, while based in part, at least, on the specific payment provisions now relied on by plaintiffs, also includes damages for breaches of other cited provisions which do not provide a basis for sum certain or mathematically calculable damages.

■ Indeed, plaintiffs admit that the $250,000.00 damage figure claimed in the amended complaint was not arrived at by calculating payments due under the agreement,[7] but contend that such a calculation would have resulted in a damage figure far in excess of the figure claimed. There are two problems with this argument. FIRST, the amount due under the agreement only exceeds $250,000.00 if payments are accelerated. The agreement, however, contains no acceleration clause, and plaintiffs have presented no authority to support acceleration in the absence of such a clause. SECOND, the sum *for which default judgment was sought* is not, in any event, "a sum which can by computation be made certain" within the meaning of Rule

---

**7.** Plaintiffs do not explain how the amount *was* calculated.

55(b)(1), since it was admittedly not calculated by the method of computation provided in the agreement.

## II. CONCLUSION

We therefore conclude: FIRST, that defendant did appear in this action prior to the entry of default judgment within the meaning of Rule 55(b)(2) and was therefore entitled to three days notice of plaintiffs' application for default judgment; SECOND, that plaintiffs' failure to give this prior notice does not require the vacation of judgment as a matter of law; THIRD, that under the standards enunciated in Rule 60(b) the default judgment, in light of all the relevant facts and circumstances of record will be permitted to stand as to liability; and FOURTH, that the judgment will be reopened for the limited purpose of allowing defendant to litigate the amount of damages suffered by plaintiffs. Defendant's motion for reconsideration will therefore be granted in part and denied in part. An appropriate Order will issue.