**PLANET CORPORATION,**
**Plaintiff-Appellee,**

v.

**George D. SULLIVAN, Jr.,**
**Defendant-Appellant.**

**No. 81–1719.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 14, 1982.
Decided March 18, 1983.

---

George D. Sullivan, Jr., Glencoe, Ill., for defendant-appellant.

Lawrence W. Schueler, Roselle, Ill., for plaintiff-appellee.

Before PELL, BAUER and WOOD, Circuit Judges.

PELL, Circuit Judge.

I

Plaintiff Planet Corporation supplied unspecified services and equipment to Purity Corporation (adjudicated bankrupt sometime after this suit was commenced), and in June of 1975, Purity executed a promissory note for $29,015.75. At plaintiff's request, George D. Sullivan, Jr., Purity's attorney and the chairman of its Board (and the only remaining defendant in this lawsuit), signed as a guarantor.

Purity subsequently defaulted on the note, and in March of 1976 plaintiff brought suit under the guaranty clause. During the next two and one half years, the litigation was delayed by a number of events (including a default judgment entered because of defense counsel's failure to appear) that are not at issue in this appeal. Finally, by notices mailed November 20, 1979, the cause was scheduled for its final pre-trial conference at 10:00 on January 24, 1980 before Judge Robson. Defendant's counsel failed to appear. To date no explanation has been provided either to this court or to the district court for his failure to do so. The court directed plaintiff's counsel to prepare and submit an order for default judgment. Later that day both plaintiff and defense counsel were before Judge Robson on separate unrelated matters. The court "advised defense counsel that due to his failure to appear earlier that day, default judgment would be entered. Counsel was advised to investigate the matter. On January 28, 1980, the court not having heard from defendant's counsel, the default order was presented and entered." Memorandum and Order of March 31, 1981, Robson, J.[1] Default judgment in the amount of $29,015.75 plus costs was entered. Plaintiff's counsel, who prepared the application for default, did not send defendant's counsel the three days notice specified in Rule 55(b)(2), Federal Rules of Civil Procedure. There is no indication in the record that plaintiff ever represented to the court that such notice had been sent.

Defendant took no appeal from this default judgment, and his time to appeal has run. Instead, some six months after judgment, defendant (now representing himself) filed a motion to vacate default judgment under Rule 60(b), Federal Rules of Civil Procedure, citing plaintiff's failure to give three days written notice of the application for default judgment. That motion was denied, and no appeal was taken from that appealable order. Instead, six months later on January 28, 1981, 365 days after Judge Robson entered the default judgment (363

1. Defendant objects to plaintiff's recitation of the events of January 24th, and on December 30, 1981 filed before this court a "Motion To Strike Portions Of Brief For Appellee As Being Dehors The Record." By order of January 21, 1982, we stated that that motion would be taken with the case. We now Deny that motion. Plaintiff's recital varies in no material way from the facts as set forth in Judge Robson's Memorandum and Order of March 31, 1981. In any event, plaintiff's Rule 10(c) affidavit cures any alleged defect in the brief.

days after the docket entry of judgment), defendant filed a second motion to vacate, reiterating the grounds raised in the prior 60(b) motion. That motion was entertained and denied. On the 30th day following the denial, defendant filed his notice of appeal, and the case is now before us on the question of the propriety of Judge Robson's denial of the second motion to vacate.

## II

Appellant argues that the January 28, 1980 entry of default was invalid for failure to provide three days written notice, and that it was thus an abuse of discretion for the district court to refuse to vacate the default via the Rule 60(b) motion. In view of our disposition of the case, we do not reach the question of whether actual in-court notice may substitute for three days written notice; we find that the question is not properly before us.

■ This court has held that a motion to vacate a judgment under Rule 60(b) is addressed to the sound discretion of the district court, and an abuse of such discretion must be shown before a denial of such motion will be overturned on appeal. *Bradford Exchange v. Trein's Exchange,* 600 F.2d 99, 102 (7th Cir.1979). Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Di Vito v. Fidelity and Deposit Company of Maryland,* 361 F.2d 936, 938 (7th Cir.1966); *Rutland Transit Co. v. Chicago Tunnel Terminal Co.,* 233 F.2d 655, 657 (7th Cir.1956); *Jones v. Jones,* 217 F.2d 239, 241 (7th Cir.1954). Appellant thus has the burden of showing that the denial of the second Rule 60(b) motion amounted to an abuse of discretion by the trial judge.

■ As a threshold matter, however, we must determine whether the second motion to vacate was timely. Rule 60(b), a rule of equity, provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Defendant-appellant neglects to inform this court which subsection of 60(b) he relies upon. Since the default was entered because of defense counsel's failure to appear, it would seem that (1) "excusable neglect" would be a promising avenue. That argument is not mentioned. Instead, appellant merely makes broad and repetitive assertions of "fraud upon the court" ((3)? (6)?), and claims that the judgment is void for failure to give notice ((4)?). Perhaps appellant decided to file his motion on the 365th day following judgment in order to hedge his bets on the applicable limitations period.[2] Such a strategy, however, would not necessarily be availing because 60(b) does not provide that grounds (1), (2), and (3) may be raised at leisure up to one year. The "reasonableness" requirement of Rule

2. Since appellant filed his motion within one year, we do not need to decide which provision of Rule 60(b) is applicable. We do note, however, that 60(b)(4) is construed very narrowly and a judgment is normally held to be void only if the rendering court lacked either subject matter jurisdiction or jurisdiction over the parties. 7 Moore's Federal Practice ¶ 60.25[2] at 301 (2d ed. 1982). Rule 60(b)(4) is generally considered to be inapplicable when the only ground for asserting that the judgment is void is the failure to give Rule 55(b)(2) notice. "While the failure to give the required notice is generally regarded as a serious procedural irregularity that may afford the basis for reversal on appeal, or for relief under an appropriate

60(b) applies to all grounds; the one year limit on the first three grounds enumerated merely specifies an outer boundary. 7 Moore's Federal Practice ¶ 60.22[4] at 267–68 (2d ed. 1982).

Under certain circumstances, it could well be "unreasonable" to file a motion to vacate well within one year of judgment. "What constitutes 'reasonable time' depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981) (30 days held unreasonable when movant offered no explanation for his failure to challenge the ruling in question on direct appeal). "Although the fact that a motion was made barely within the one-year time limit gives the court the *power* to entertain it, as the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show that the delay was 'reasonable'." *Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,* 605 F.2d 648, 656 (2d Cir.1979) (emphasis in original). In a case that has certain similarities to the case at bar, *Collex, Inc. v. Walsh,* 74 F.R.D. 443 (E.D.Pa.1977), pro se appellant filed his first Rule 60(b) motion to vacate within one month of the default judgment, and the second some four months later. Only in the second motion did appellant raise the lack of 55(b)(2) notice. In denying Rule 60(b) relief on the second motion, the court found that there was no excuse for the four month delay in filing the second motion,

that appellant had failed to appeal the denial of his first motion to vacate, and that he could and should have raised his "new" evidence in the initial motion. *Id.* at 449. Similarly, in *Mayfair Extension, Inc. v. Magee,* 241 F.2d 453 (D.C.Cir.1957) a delay of 11½ months in alleging fraud was held unreasonable when appellant had known of the default for almost a year. *See also Dominguez v. United States,* 583 F.2d 615 (2d Cir.1978), *cert. denied* 439 U.S. 1117, 99 S.Ct. 1023, 59 L.Ed.2d 76 (1979) (10-month delay occasioned by counsel's "abysmal neglect" was unreasonable and Rule 60(b) relief would not be granted); *Di Vito v. Fidelity and Deposit Company of Maryland, supra,* at 939, ("Defendant has offered no convincing explanation of its four and one-half month delay, after discovery of what it now asserts to be significant evidence of fraud, before filing its [60(b)(3) ] motion.").

Appellant here was dilatory in waiting six months to file his first (denied) Rule 60(b) motion. His delay in waiting an additional six months to file the second motion can hardly be characterized as "reasonable." The "new" evidence filed with the second motion was an affidavit from defense counsel stating that he had not received Rule 55(b)(2) notice. Such an affidavit could well have been supplied along with the first Rule 60(b) motion in which failure of notice was asserted, and appellant offers no explanation for the delay. Such an affidavit would, in any case, be of minimal relevance because plaintiff never claimed to have sent notice.

Because we find that the year's delay in filing the second Rule 60(b) motion was

---

clause of Rule 60(b) and in conjunction with other irregularities may render the judgment void, the error should not usually be treated as so serious as to render the judgment void. It should be considered in the light of surrounding circumstances and will, at times, be harmless." *Id.* ¶ 60.25[3] at 311. A default entered without written notice is thus voidable, not void. *See Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087 (10th Cir.1970); *United States v. Manos,* 56 F.R.D. 655 (S.D.Ohio 1972). In *Sonus Corp. v. Matsushita Elect. Indus. Co., Ltd.,* 61 F.R.D. 644, 647–49 (D.Mass.1974), Rule 60(b)(4) relief was granted when there was no Rule 55(b)(2) notice given; while noting that *Manos* and *Winfield* supplied the general rule,

the court explicitly found that there was not only no written three days notice but no actual notice, so the judgment was void for want of due process. The court in *Collex, Inc. v. Walsh,* 74 F.R.D. 443 (E.D.Pa.1977) denied 60(b)(4) relief, distinguishing *Sonus* in finding that defendant had informal notice sufficient to satisfy due process. Thus the conclusion of this court in *Pacurar v. Hernly,* 611 F.2d 179, 181 (7th Cir.1979), citing *Moore's, supra,* ¶ 60.-25[4] at 315 (2d ed. 1979), that for relief from a void judgment, the "reasonable time" limitation in Rule 60(b) "must generally mean no time limit" is inapplicable here (the judgment in *Pacurar* was void for lack of subject matter jurisdiction).

manifestly unreasonable, we conclude that it was an abuse of discretion for the district judge to entertain the untimely motion. Accordingly, the decision of the district court denying the second Rule 60(b) motion is VACATED. Because the time to appeal both the original default judgment and the first Rule 60(b) motion have long since run, we are without jurisdiction to consider the absence of three days written notice of the entry of the default judgment. The default judgment stands and is

AFFIRMED.