USCA1 Opinion

 

 February 7, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1512 RICHARD A. MCEACHERN, Plaintiff, Appellant, v. CORRECTIONS, ME COMMN, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Richard A. McEachern on brief pro se. ____________________ Andrew Ketterer, Attorney General, and Christopher C. Leighton, _______________ ________________________ Assistant Attorney General, on brief for appellees. ____________________ ____________________  -2- Per Curiam. On September 2, 1992, Richard ___________ McEachern, a Maine state prisoner, filed a pro se federal ___ __ civil rights action against Donald Allen, Commissioner of the Maine Department of Corrections, and Martin Magnusson, Warden of the Maine State Prison.1 The parties eventually reached 1 an out-of-court settlement agreement under which McEachern agreed to dismiss the pending lawsuit in exchange for a transfer to a prison in New Jersey.2 At the time, McEachern 2 was housed at Maine's highest security prison, the Maine Correctional Institution in Warren (MCI-Warren). On March 25, 1994, the parties filed a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii). Following the dismissal, McEachern was duly transferred to a New Jersey prison. On February 3, 1995, however, McEachern filed a motion and affidavit pursuant to Fed. R. Civ. P. 60(b) to void the settlement agreement and reinstate his lawsuit on the ground that he had been coerced into settling his case by the "inhumane and punitive"  ____________________ 1As amended, the complaint also names Deputy Warden Arthur 1 Kiskila as a defendant. 2The agreement also provided that McEachern could request 2 the Maine Department of Corrections to provide him with a Pine Tree Legal Assistance attorney should he need access to Maine legal materials in connection with any future actions in Maine courts.  -2- -2- environment at MCI-Warren.3 The motion was denied, and this 3 appeal followed. McEachern argues that his Rule 60(b) motion should have been allowed because it was filed within one year and set forth extraordinary circumstances warranting relief pursuant to Fed. R. Civ. P. 60(b)(6). We disagree. A party seeking relief under any provision of Rule 60(b) must do so within a "reasonable time."4 Fed. R. Civ. P. 60(b); see 4 ___ also Planet Corp. v. Sullivan, 702 F.2d 123, 126 (7th Cir. ____ ____________ ________ 1983) (explaining that what constitutes a reasonable time depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties). McEachern failed to adequately explain why, after being transferred to New Jersey, he waited  ____________________ 3McEachern also alleged, as an additional ground for 3 reopening the dismissed suit, that defendants failed to comply with their agreement to provide him with a Pine Tree Legal Assistance attorney. McEachern does not renew this argument on appeal, and we deem the issue waived.  4Since McEachern filed his motion within one year, we do 4 not need to decide which provision of Rule 60(b) is applicable. We note, however, that to the extent the motion is grounded on alleged misconduct of an adverse party, it properly should have been brought pursuant to Fed. R. Civ. P. 60(b)(3).  -3- -3- over ten months before seeking relief based on coercion.5 5 We think this delay was unreasonable. We add that McEachern did not claim that the ill- treatment he allegedly received at MCI-Warren was directed at forcing him to settle his lawsuit. Moreover, the conditions of confinement he described in meaningful detail--including the number of hours spent in his cell, the restrictions on activities, the requirement that he wear prison clothing, the prohibition on contact visits, and the lack of a canteen-- fall within constitutional limits. Cf. Rhodes v. Chapman, ___ ______ _______ 452 U.S. 337, 347 (1981) (observing that restrictive, harsh conditions are part of the penalty that criminal offenders pay for their offense against society). Under the circumstances, we cannot say that the district court was required to hold a hearing or that it abused its discretion in denying the requested relief. See Hoult v. Hoult, 57 F.3d ___ _____ _____ 1, 3 (1st Cir. 1995) (stating that district courts enjoy broad discretion in deciding motions under Rule 60(b) and we review such ruling only for abuse of that discretion). Affirmed. _________  ____________________ 5Although McEachern vaguely alludes, in his affidavit, to 5 "lingering psychological damage" allegedly caused by his treatment at MCI-Warren, his affidavit reveals that he had been actively litigating other matters since his transfer to New Jersey.  -4- -4-