**TOZER et al. v. CHARLES A. KRAUSE MILLING CO.**

No. 10342.

United States Court of Appeals, Third Circuit.

Argued Feb. 8, 1951.

Decided May 7, 1951.

Lewis M. Stevens, Philadelphia, Pa. (Daniel Mungall, Jr., C. Clark Hodgson, Philadelphia, Pa., Willis G. Sullivan, Milwaukee, Wis., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., Sullivan & Nelson, Milwaukee, Wis., on the brief), for appellant.

Herbert Mayers, Philadelphia, Pa. (Joseph DeLacy, Philadelphia, Pa., Bilder, Bilder & Kaufman, Newark, N. J., on the brief), for appellees.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

The issue before us on appeal is whether the district judge abused his discretion in dismissing a motion by defendant to set aside a default judgment.[1] We hold that his refusal to set aside the judgment was error.

On September 29, 1948, the Italian Cook Oil Corporation,[2] a New York corporation, instituted this action in the United States District Court for the Eastern District of Pennsylvania. The complaint alleged damages for a breach of an implied warranty of quality of crude corn oil, sold by defendant corporation to plaintiff. Defendant is a Wisconsin corporation which, since 1933, has been registered as a foreign corporation doing business in Pennsylvania. Pennsylvania has no relation to the cause of action, and was apparently chosen by plaintiff because it was a convenient forum. Diversity of citizenship is the basis of federal jurisdiction.

Service of process was made in the following manner. Under Pennsylvania

---

1. Judgment was entered in the amount of $14,101.21.

2. The complaint in the instant case was filed by the Italian Cook Oil Corporation. On March 23, 1949, the United States District Court for the District of New Jersey appointed William St. John Tozer and Dominick Cordiano as trustees of the corporation in proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. On May 29, 1950, Tozer and Cordiano were substituted as party plaintiff by order of the court below.

law,[3] defendant corporation, upon registering as a foreign corporation, appointed the Secretary of the Commonwealth as its statutory agent to accept process. The court below, pursuant to Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A., appointed the Sheriff of Dauphin County to make service on the Secretary of the Commonwealth. The latter, upon being properly served, transmitted a copy of the process by registered mail addressed to defendant at its registered Pennsylvania office, 126 Chestnut Street, Philadelphia. The letter, however, was returned undelivered. 126 Chestnut Street had once been the address of a firm of independent brokers with whom defendant did business, and in registering as a foreign corporation, defendant designated this its Pennsylvania address. Defendant apparently had no branch office within the Commonwealth of Pennsylvania at that time. A year later, in 1934, the broker moved, and defendant failed to inform the Secretary of the Commonwealth of a change in its registered office. Thus, defendant corporation, according to its allegation, never received notice of this action prior to the entry of default judgment, which was entered on June 2, 1949.[4]

On December 1, 1949, defendant filed its motion to set aside the default judgment and attached thereto a proposed answer to plaintiff's complaint. The motion alleged substantially the facts set forth above, plus the further averment that defendant had no notice of the filing of the complaint or of the subsequent entry of judgment until October 31, 1949, whereupon it promptly investigated the matter, and then filed its motion. The district court dismissed the motion, assigning as reasons therefor the gross neglect of defendant and the lack of a meritorious defense. This appeal followed.

A motion to set aside a default judgment is addressed to the sound discretion of the court, and should not be disturbed on review unless there has been abuse of such discretion. See Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1942, 130 F.2d 185, 187. In a somewhat analogous situation, however, this court, in the interests of justice, has not hesitated to reverse an order and judgment dismissing a complaint with prejudice for lack of prosecution. Peardon v. Chapman, 3 Cir., 1948, 169 F.2d 909, 913.

The district judge stated that he was not convinced that defendant's answer stated a wholly meritorious defense. From our study of the complaint and proposed answer, we are of the opinion that the allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.

Plaintiff's complaint is based on an alleged oral contract of August 20, 1946, made between it and H. L. Raclin & Sons on behalf of defendant for the sale to plaintiff of six tank cars of "crude corn oil." H. L. Raclin & Sons, it is averred, was authorized to bind defendant. Plaintiff urges that, by virtue of the oral contract, there arose an implied warranty that the corn oil would conform to certain alleged usages in the New York market, and that four of the six tank cars of corn oil delivered to plaintiff failed to conform. Defendant's answer denies that H. L. Raclin & Sons was authorized to bind defendant. Defendant alleges that the oil shipped to plaintiff was "Amerikorn Crude Oil—Mill Run" and that the sale was made "subject to the usual terms and conditions applicable to the sale of such commodity by the defendant." Defendant forthwith mailed to plaintiff memoranda and confirmations whereby it expressly negatived any express or implied warranties of quality. Thus, defendant does not appear to deny plaintiff's averment that there was an oral contract entered into between the parties on or about August 20, 1946; but there is a one hundred eighty degree disagreement as to the actual terms of that agreement.

We are unable to discern exactly how much weight the lower court placed on its conclusion that defendant did not present a wholly meritorious defense. Since that question is always an important factor in

---

3. 15 Purdon's Pa.Stat.Ann. § 2852–1004.

4. Judgment was entered by the clerk under Rule 55(b) (1) of the Federal Rules of Civil Procedure.

the consideration of a motion to set aside a default judgment, we must conclude that the lower court's decision was substantially influenced by it.

Defendant corporation bases its claim for relief from the default judgment on Rule 60(b) of the Federal Rules of Civil Procedure, which states: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect* * * * (6) any other reason justifying relief from the operation of the judgment." (Emphasis supplied.) Defendant contends that it should have been granted relief under Subsection (b) (6); or, in the alternative, that it was guilty of only inadvertence or excusable neglect so as to entitle it to relief under Subsection (b) (1).

■ What is excusable neglect and what is inexcusable neglect can hardly be determined in a vacuum. The opinion of the court below does not reveal what standard was applied nor what factors were weighed. The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction. Matters involving large sums should not be determined by default judgments if it can reasonably be avoided. Henry v. Metropolitan Life Ins. Co., D.C.Va., 1942, 3 F.R.D. 142, 144. Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. Huntington Cab Co. v. American Fidelity & Casualty Co., D.C.W.Va., 1945, 4 F.R.D. 496, 498; Standard Grate Bar Co. v. Defense Plant Corp., D.C.Pa., 1944, 3 F.R.D.

371, 372. Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments. We are of the opinion that the court below applied a standard of strictness rather than one of liberality in concluding that justice did not require that the judgment be set aside.

■ Pennsylvania law, of course, does not control in matters of federal procedure. Since service of process was made in the instant case on the basis of a Pennsylvania statute, however, an examination of Pennsylvania law would seem not inappropriate. See Huntington Cab Co. v. American Fidelity & Casualty Co., supra. In Howland v. Home Ins. Co. of N. Y., 1917, 67 Pa.Super. 276 service of process was made on the Insurance Commissioner of the Commonwealth as statutory agent for defendant, a foreign corporation doing business in Pennsylvania. The Commissioner sent the notice to defendant's home office in New York City, but it was mislaid by a clerk. Judgment by default was entered against defendant. In affirming the order of the lower court which opened the judgment, the Superior Court stated the problem in these words 67 Pa.Super at page 280: "The question which the court below was called upon to consider was not whether there had been a legal service, *but did the officers of the company have actual knowledge that the summons had been issued and served upon the insurance commissioner.*" (Emphasis supplied.) Other Pennsylvania cases make it clear that the general rule applied in Pennsylvania with respect to the opening of default judgments is one of utmost liberality.[5]

5. In Esterbrook v. Fisk Tire Co., 1929, 13 Dist. & Co. 514, the Common Pleas Court of Snyder County was faced with a factual picture almost exactly like the one in the instant case. The court set aside a default judgment. In so doing, the court considered both the defendant's negligence in not informing the Secretary of the Commonwealth of the change of address of its registered Pennsylvania office, and also its diligence in promptly petitioning the court to open the judgment upon learning of its entry. See

also McDevitt v. Teague, 1926, 89 Pa. Super. 332; Sockett v. Philadelphia Toilet & Laundry Co., 1928, 92 Pa.Super. 254; Fuel City Mfg. Co. v. Wagnesburg Products Corp., 1920, 268 Pa. 441, 112 A. 145. Cf. Rule 2082, Pennsylvania Rules of Civil Procedure: "No judgment shall be entered against a defendant who has not been personally served or who has not appeared as a party in the action until the plaintiff has given the defendant such notice as the court by general rule or special order

■ In dismissing defendant's motion, the lower court failed to weigh certain factors. Since the relief sought by defendant was essentially equitable in nature, it is proper for the court to consider whether any prejudice will result to plaintiff if the judgment is set aside. Henry v. Metropolitan Life Ins. Co., supra; Horning v. David, 1939, 137 Pa.Super. 252, 8 A.2d 729. The record here discloses that there are no intervening equities, and that no special harm would result to plaintiff except some delay in finally realizing satisfaction of its claim, should plaintiff be successful on trial.[6]

■ We do not think that defendant's omission constitutes gross neglect, for it could not reasonably have anticipated that it might be sued in Pennsylvania on a cause of action arising outside Pennsylvania. While it is true that defendant, by registering to do business in Pennsylvania, submitted to its jurisdiction for all purposes, the principal object behind legislation of the type enacted in Pennsylvania is to protect those with whom defendant did business in Pennsylvania.[7] Plaintiff is not a member of this class. We think this is an additional equitable reason for setting aside the default judgment. Defendant did not either wilfully or negligently disobey the process of the District Court for the Eastern District of Pennsylvania.[8] Defendant's only negligence was a careless conduct of its business in failing to ascertain that its broker had moved and in failing to notify the Secretary of the Commonwealth.

■ We believe that the facts of this case are such as to warrant relief under Rule 60(b) and that the failure of the district court to set aside the default judgment constituted an abuse of judicial discretion. The order of the district court will be reversed and the cause remanded for further proceedings consistent with this opinion. Since the entry of the default judgment was the result of defendant's laxity in the conduct of its business and plaintiff was in no way at fault, costs in this appeal will be taxed to defendant.

shall direct." 12 Purdon's Pa.Stat.Ann. Appendix.

This rule is a further manifestation of the public policy in Pennsylvania that every effort must be made, both before and after the entry of judgment, that the defendant be actually before the bar of the court so that issues may be decided on their merits.

5. Plaintiff argues that the court should give consideration to the fact that the Italian Cook Oil Corporation, the original plaintiff, is now in reorganization. See footnote 2, supra. This argument is without merit. In such a situation as this, the rights of the corporation's creditors can rise no higher than those of the corporation.

7. See Mitchell Furniture Co. v. Selden Breck Const. Co., 1921, 257 U.S. 213, 215, 42 S.Ct. 84, 66 L.Ed. 201; Morris & Co. v. Skandinavia Ins. Co., 1929, 279 U.S. 405, 408, 49 S.Ct. 360, 361, 73 L. Ed. 762. In the Morris case, the Supreme Court declared, 279 U.S. at pages 408–409, 49 S.Ct. at page 361, 73 L.Ed. 762: "The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the state." See also Act of May 5, 1933, P.L. 364, art. X, § 1015, 15 Purdon's Pa.Stat.Ann. § 2852–1015, which governs the surrender by a foreign corporation of a certificate of authority to do business in Pennsylvania. This section provides that even after the foreign corporation ceases to do business in Pennsylvania and surrenders its certificate of authority, it must consent to service on the Secretary of the Commonwealth as its statutory agent in any proceeding upon a liability or obligation incurred within the Commonwealth before the issuance of the certificate of withdrawal. The main concern of the legislature was thus to protect those who deal with the foreign corporation in Pennsylvania. Cf. Carlisle v. Kelly Pile & Foundation Corp., 3 Cir., 1949, 175 F. 2d 414.

8. Cf. Ledwith v. Storkan, D.C.Neb., 1942, 2 F.R.D. 539, 541.