Gilbert D. GILLESPIE, Plaintiff,

v.

John HYSMITH, Defendant.

C. A. No. 67-878.

United States District Court
W. D. Pennsylvania.

March 11, 1968.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Donald Very, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER ON MOTION TO SET ASIDE DEFAULT

WILLSON, District Judge.

This is a motion pursuant to Rule 55(c) to set aside the entry of default by the Clerk and to permit filing of the answer to the complaint and answers to the interrogatories.

On July 20, 1967 the complaint was filed with the Clerk. He in turn issued the summons and delivered it to the Marshal. [Rule 4(a)]. On October 10, 1967, the summons was returned by the Marshal as being served on September 18, 1967. On the same date, plaintiff's counsel directed the Clerk to enter the default, and the Clerk's record shows that the default was entered on October 10, 1967 for failure to file an answer to the complaint. Pittsburgh counsel for the defendant has filed the instant motion. There are several factual averments set forth in the motion which are sworn to by counsel. The entries on the Clerk's docket between July 20, 1967 and October 10, 1967 are revealing. For instance, his docket shows that defendant's counsel filed interrogatories directed to plaintiff on August 1st. However, Mr. Very for defendant in a sworn affidavit says that on re-

ceipt of the interrogatories the certification by plaintiff's counsel was that he mailed a copy to defendant on July 28th. If this is so, then the interrogatories were served within 10 days without a Court order and were a nullity. [Rule 33]. Counsel for defendant says in his motion that he checked from time to time the Clerk's records relative to the service of the summons and that the Clerk's file jacket showed no return by the Marshal. This would be true at least until October 10th. But counsel apparently did not examine the Clerk's docket sheet. This would have shown that on September 25th a notation was made that the Marshal did not return the summons as counsel for plaintiff had not paid the amount due.

Defendant's counsel says that in Jones Act cases, and often in admiralty, a summons will lay in the office of the Marshal without prompt service awaiting the arrival of a vessel to the Pittsburgh port. The neglect on the part of defendant's counsel was his failure to check the Clerk's docket. But it is true, as he says, that the papers in the Clerk's file jacket which were checked showed no issuance or service of a summons. Counsel says under these circumstances he assumed that no summons was served and was awaiting its receipt from New York counsel. It is averred also in the motion that as late as October 6th local counsel checked the original papers in the Clerk's office and found no indication even at that time that the summons had been served and found only the entry of the filing of the complaint and the interrogatories. But on that date says counsel he prepared an answer to the interrogatories still unaware that the summons had been served.

Under the circumstances it seems to this Court that leniency must be shown and that the Court's discretion must be exercised in favor of setting aside the default.

A case in this Circuit decided by Judge Staley—Tozer v. Charles A. Krause Milling Co., 189 F.2d 242 (1951) sets forth the principles. It appears that counsel for the defendant has been diligent in this matter even though misguided in one respect, that is, failure to check the Clerk's docket. However, the general circumstances require that relief be given defendant from the entry of the default.