ESTATE of Graeme MURDOCH, an Incompetent, by Alvin H. Frankel

v.

COMMONWEALTH OF PENNSYLVANIA, CITY OF PHILADELPHIA, David M. Smallwood, Henry D. Harral, Webster & Webster, Inc., Anchor Post Products, Inc., Grof & Myers, Inc., and Lipsett Inc.,

City of Philadelphia, Appellant.

No. 19124.

United States Court of Appeals, Third Circuit.

Argued Sept. 21, 1970.

Decided Oct. 28, 1970.

John R. McConnell, Morgan, Lewis & Bockius, Philadelphia, Pa. (Mark S. Dichter, Philadelphia, Pa., on the brief), for appellant.

Richard J. Van Roden, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for appellee, Webster & Webster.

S. Gerald Litvin, Litvin & Rutter, Philadelphia, Pa., for appellee, Estate of Murdoch.

Before HASTIE, Chief Judge, and MARIS and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

This appeal by defendant City of Philadelphia from a judgment of the district court arises out of an action brought by the plaintiff, Alvin H. Frankel, the guardian of the Estate of Graeme Murdoch, an alleged incompetent, on behalf of his ward for damages resulting from severe injuries suffered by Murdoch on May 15, 1965 when the automobile which Murdoch was driving collided with a gatepost in the fence along the east side of the Schuylkill Expressway in the City of Philadelphia at a point where an exit ramp, known as the Smallwood cut-off, leads from the expressway to the West River Drive. The suit was originally brought against the City of Philadelphia, David M. Smallwood, Webster and Webster, Inc., and five other defendants all of whom were subsequently dropped from the action and are not here involved. The complaint alleged, inter alia, that the City of Philadelphia built and maintained the Smallwood cut-off and that Webster and Webster, Inc., was the fence contractor which furnished and provided labor and material for the con-struction of the portion of the fence involved in the accident. The City of Philadelphia answered denying that it was responsible for the Smallwood cut-off at the time recited in the complaint and crossclaimed against all its codefendants contending that they had built and were responsible for the construction of the highway referred to in the complaint and for any dangerous conditions therein, and asked that in the event of a judgment against it in favor of the plaintiff, it be indemnified in the amount of that judgment by the codefendants. The answer filed by Webster to the plaintiff's allegations that it had furnished labor and material was that "After reasonable investigation this defendant is without sufficient knowledge or information to enable it to form a belief as to" those allegations, "such information being within the exclusive possession of the plaintiff, a hostile party."

Subsequently, a motion was filed pursuant to Rule 21, F.R.Civ.P., joined in by plaintiff's counsel and counsel for Webster and three other defendants not here involved asking the court to drop the four defendants as parties defendant on the ground that through information obtained in depositions and in the form of affidavits attached to the motion,[1] it affirmatively appeared "that none of these defendants were involved in any way in the design, construction or maintenance of the Cutoff or supplied any defective material for the gate post, gate or fencing involved in the accident" and hence, they had been misjoined and it would be in the interest of justice to drop them as defendants. The City of Philadelphia opposed the motion. Webster also filed a motion for summary judgment pursuant to Rule 56, F.R.Civ.P., contending that

1. The affidavit filed on behalf of defendant Webster, with which we are concerned on this appeal, stated:
"Richard J. Clifford
Personally appeared before me a Notary Public, in and for the aforesaid State and County Hartford, Connecticut who being duly sworn according to law does depose and say that he is Secretary of Webster & Webster, Inc., and that neither he nor his firm participated in any manner in the design, construction or maintenance of the 'Smallwood Cut-Off' subject of the litigation in the case of Estate of Graeme Murdoch vs Commonwealth of Pennsylvania et al, Civil Action No. 42647, in the United States District Court for the Eastern District of Pennsylvania."

on the basis of Clifford's affidavit it was affirmatively and conclusively shown that Webster was not involved in the construction, design or maintenance of the cut-off and that it would be in the interest of justice to grant it summary judgment and to dismiss the crossclaim of the City of Philadelphia against it.[2]

On October 3, 1969 the district court entered an order which, inter alia, dropped Webster and four other defendants and on October 14, 1969 the court entered an order granting summary judgment in favor of Webster and dismissing the crossclaim of the City of Philadelphia against that defendant, with prejudice.

On June 15, 1970 the City of Philadelphia filed a motion pursuant to Rule 60 (b), F.R.Civ.P., in which it sought to have the orders of October 3 and 14, 1969 vacated insofar as those orders had dropped Webster as a party defendant and had granted that defendant summary judgment on the crossclaim of the City of Philadelphia against it. The City contended that misrepresentations had been made by Webster to the court

in that its motion and Clifford's affidavit stated that Webster had no connection whatsoever with the gate or fence involved in the accident whereas the City had obtained photocopies of documents, which were attached to its motion, showing on their face that the fence and gate had been installed by Webster pursuant to a contract with the Commonwealth of Pennsylvania, Department of Highways, and that Webster had been paid by the Commonwealth for that work.[3] The City claimed that in the light of the discovery of these facts Webster may well be solely liable to the plaintiff or jointly liable with the City or liable to the City on its crossclaim in these proceedings and, therefore, the court's orders dropping Webster as a party defendant and granting summary judgment in its favor on the City's crossclaim should be set aside. No opposing answer was filed by Webster. After hearing argument on the motion the district court, on July 8, 1970 entered an order denying the motion to vacate its orders with respect to Webster. On August 6, 1970 an order for final judgment was entered pursuant to Rule

2. In its motion for summary judgment defendant Webster, inter alia, stated:
    "6. By virtue of the attached affidavit, taken by Richard J. Clifford, Secretary of Webster and Webster, Inc. a true and correct copy of which is attached hereto (the original of said affidavit was filed in support of the Motion to Drop under F.R.C.P. 21, filed by Plaintiff and the several corporate Defendants in this action) shows affirmatively and conclusively that Webster and Webster, Inc. did not 'participate in any manner in the construction, design or maintenance of the Smallwood Cutoff'; and there is no evidence to establish or support a proposition to the contrary."

3. The documents attached to the motion consisted of a letter, dated April 23, 1970 from Glenn E. Miller, Administrative Officer, Bureau of Construction, Department of Highways, Commonwealth of Pennsylvania, forwarding a copy of Work Order No. 1 which, allegedly, authorized the installation of the cut-off gate, together with a copy of semi-final estimate No. 1 which, allegedly, indicated that the gate in

question was installed by defendant Webster pursuant to its contract with the Commonwealth of Pennsylvania.

On June 25, 1970 the City filed an affidavit executed by Stephen Ostimchuk, an assistant construction engineer employed by the Commonwealth of Pennsylvania, in which he averred that during 1962 and 1963 in the course of his duties he was assigned to observe the installation by Webster & Webster, Inc. of the right-of-way fence along the Schuylkill Expressway in Philadelphia and Montgomery Counties; that in 1963, pursuant to his duties, he observed the installation by Webster of a chain link gate, 5' by 14' double swing type and adjacent fence at the ramp of the Expressway on to the West River Drive at station 226+ left, under the contract between the Commonwealth of Pennsylvania, Department of Highways, and Webster and Work Order No. 1 under such contract, and that he had personally inspected that gate and adjacent fence installed by Webster and initiated semi-final estimate No. 1 which certified that the above mentioned work was completed by Webster.

54(b), F.R.Civ.P. This appeal by the City of Philadelphia followed.

Clause (3) of Rule 60(b), F.R.Civ.P.,[4] makes a misrepresentation by an adverse party a ground for relieving a party from a final judgment against him. We think that such relief is especially appropriate where the judgment in question is a summary one, the entry of which has precluded a trial on the merits. Here, if the documents presented by the City of Philadelphia are to be believed, and on this appeal we must take them to be true since they have not been controverted by Webster, that corporation has been guilty of a misrepresentation on the basis of which the court dropped it from the action and granted it summary judgment on the City's crossclaim. This is exactly the sort of situation to which clause (3) of the rule is directed. Without denying the misrepresentation Webster asserts in defense that the City's motion was not filed within a reasonable time. But it was filed within the maximum time limited by the rule and it hardly lies in the mouth of Webster to criticize the City for accepting the allegations of Webster's motions and the affidavit of its secretary as true until the contrary appeared. Nor is Webster's assertion that the delay has prejudiced it because in the interim it has destroyed portions of its records any more appealing.

It may possibly be that the Clifford affidavit was not intended by the deponent to refer to the erection of the fence and gate at the Smallwood cut-off but only to the original construction of the cut-off itself. If so, however, the motion filed by the plaintiff and four of the defendants, including Webster, which averred "that none of these defendants were involved in any way in the design, construction or maintenance of the Cut-off or supplied any defective material for the gate post, gate or fencing involved in the accident" was not supported by the affidavit insofar as the fence and gate are concerned. But, as we have seen, it was as the fence contractor that the plaintiff originally joined Webster as a defendant in the action. It was the City which the plaintiff alleged had built the Smallwood cut-off. It thus appears either that the orders appealed from were based on a misrepresenting affidavit or they had no basis in the record at all.

It is true, as Webster argues, that relief under Rule 60(b) is discretionary with the district court. But the action of the court under that rule is always reviewable for abuse of discretion. Tozer v. Charles A. Krause Milling Co., 3 Cir. 1951, 189 F.2d 242, 244. On the record before us we are compelled to hold that the district court abused its discretion here. See Bros Incorporated v. W. E. Grace Manufacturing Company, 5 Cir. 1965, 351 F.2d 208, 210–211; Peacock Records, Inc. v. Checker Records, Inc., 7 Cir. 1966, 365 F.2d 145, cert. den. 385 U.S. 1003, 87 S.Ct. 707, 17 L.Ed.2d 542.

The judgment of the district court will be reversed and the cause remanded with directions to reinstate Webster & Webster, Inc. as a defendant, to vacate the summary judgment in its favor on the crossclaim of the defendant City of Philadelphia and to reinstate the crossclaim.

---

4. "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * *. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. * * *"