**In re PENN SCREW & MACHINE WORKS, INC., Debtor.**

**PENN SCREW & MACHINE WORKS, INC., Plaintiff,**

**v.**

**FASTENER BROKERAGE, INC., Defendant.**

**Bankruptcy No. 83–04584K. Adv. No. 84–0831K.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 26, 1985.

Edward J. DiDonato, Philadelphia, Pa., J. Michael Ruttle, Newtown, Pa., for plaintiff/debtor.

Mark Clemm, Norristown, Pa., for Fastener Brokerage, Inc.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

A motion to open a default judgment has been filed in the above-captioned adversary proceeding. For the reasons stated herein, we will open the judgment and direct the Clerk of the United States Bankruptcy Court for the Eastern District of Pennsylvania to schedule a trial on the merits.

The movant is Fastener Brokerage, Inc. ("Fastener"), a Pennsylvania corporation.[1] The respondent is Penn Screw & Machine Works, Inc. ("Penn Screw"), a Pennsylvania corporation, which manufactures custom-made metallic loading pins and other parts. Penn Screw filed a petition under Chapter 11 of the Bankruptcy Code on November 25, 1983. On August 6, 1984, Penn Screw filed an adversary complaint against Fastener seeking payment of monies allegedly due and owing from the purchase of pins. Because Fastener failed to file an answer or otherwise respond to the complaint, the Clerk of the United States Bankruptcy Court entered a default judgment in favor of Penn Screw on October 11, 1984 in the amount of $2,357.23, pursuant to Fed. R.Civ.P. 55(b)(1) and Bankruptcy Rule 7055.[2]

Fastener filed a motion to open the default judgment pursuant to Bankruptcy Rule 9024 and Fed.R.Civ.P. 60(b) on October 30, 1984. A hearing was held on December 17, 1984, at which time we held the matter under advisement.

Bankruptcy Rule 9024 incorporates Fed. R.Civ.P. 60(b) as the standard for setting aside a default judgment. Rule 60(b) provides:

(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

■ It is well settled in the Third Circuit that the entry of a default judgment is left primarily to the discretion of the trial court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951). This discretion is not without limits, however. The Court of Appeals has repeatedly stated

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

2. Fed.R.Civ.P. 55(b)(1), applicable to this proceeding through Bankruptcy Rule 7055, provides:

    (b) Judgment. Judgment by default may be entered as follows:

    (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.

a preference for disposing of cases on the merits whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir.1983); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir.1983); *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir.1982).

▪ The Court of Appeals does not favor entry of defaults or default judgments. Doubtful cases are to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits. *Tozer*, 189 F.2d at 245.

▪ In exercising its discretion to open a default judgment, three (3) factors must be considered by the trial court: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, and (3) whether the default was the result of culpable conduct on the part of the defendant. *Hritz*, 732 F.2d at 1181, *U.S. v. $55,518.05*, 728 F.2d at 195; *Gross*, 700 F.2d at 122; *Feliciano*, 691 F.2d at 656; *Farnese*, 687 F.2d at 764. The trial court is required to make factual findings in this regard. *Medunic v. Lederer*, 533 F.2d 891 (3d Cir.1976).

▪ The threshold issue in opening a default judgment is whether a meritorious defense has been asserted. *Hritz*, 732 F.2d at 1181. This is the critical issue because without a meritorious defense, the defendant could not win at trial and there would be no point in setting aside the judgment. *U.S. v. $55,518.05*, 728 F.2d at 195. A meritorious defense is presumptively established when the allegations of defendant's answer, if established on trial, would constitute a complete defense to the action. *Tozer*, 189 F.2d at 244. A bald allegation that the moving party has a meritorious defense, without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b). *Gomes v. Williams*, 420 F.2d 1364, 1366, (10th Cir.1970).

▪ Fastener contends that it has a meritorious defense to the cause of action filed by Penn Screw, and that it will prevail on the merits if the default judgment is set aside. Fastener alleges that, although the pins were ordered, the order was cancelled prior to Penn Screw's manufacture of or shipment of the pins. To support this factual allegation, Fastener offered the testimony of Jonathan Price, Vice-President of Finance and Controller of Fastener, at the hearing on the motion to open the judgment. Mr. Price testified that he placed an order for pins with Penn Screw verbally on or about April 28, 1983; that he followed up the verbal order with a written order the same day; and that he verbally cancelled the order within four (4) days.

Penn Screw disputes the allegation that the order was cancelled. Mr. Charles Spiegel, general manager of Penn Screw, testified that no oral cancellation was made by Mr. Price at any time after the order was placed, although an oral cancellation would have been sufficient to cancel the order.

On the basis of the testimony presented, we find that Fastener has established a meritorious defense. Ultimately, of course, our decision as to who should prevail on the merits will depend on how we resolve the disputed issue of fact and whether there is an applicable Uniform Commercial Code or other provision governing this set of circumstances.

▪ The second factor to be considered by the Court in deciding whether to open a default judgment is whether the default was the result of the defendant's culpable conduct. Under the *Feliciano* and *Gross* cases, the culpable conduct standard requires a finding of willfulness or bad faith on the part of the non-responding defendant. *Hritz*, 732 F.2d at 1183. Willfulness and bad faith include acts intentionally designed to avoid compliance with court notices. Reckless disregard for repeated communications from plaintiffs and the Court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard. Appropriate application of the standard re-

quires that more than mere negligence must be demonstrated. Neglect alone cannot sustain a default judgment. *Id.*

On the basis of the facts before us, we cannot find that the default was the result of the defendant's culpable conduct. Fastener's explanation for its failure to answer the complaint or appear for trial is that settlement discussions were ongoing at the time between the parties, and Fastener was without benefit of counsel. Mr. Price from Fastener contends that he made a settlement offer and was waiting for counsel for Penn Screw to get back to him, while Penn Screw contends that the offer was rejected immediately as insufficient. No willfulness or bad faith has been suggested. Although it appears that Fastener was negligent in not answering the complaint or appearing for trial, neglect alone cannot sustain a default judgment. *Hritz,* 732 F.2d at 1183.

The third and last factor to be considered is whether the plaintiff will suffer prejudice from a setting aside of the default judgment. There is no evidence here that Penn Screw will be prejudiced. Therefore, in the absence of prejudice to Penn Screw or a showing of culpable conduct on the part of Fastener, and Fastener having established a meritorious defense, we will vacate the default judgment and direct the Clerk to schedule a trial on the merits.