AMERIKA SAMOA BANK, Plaintiff

v.

R. PRITCHARD GROUND SERVICES, Inc.,
INTERESTS PRITCHARD EQUIPMENT, Inc,
PRITCHARD AIRPORT SERVICES, Inc.,
PRITCHARD TRAVEL SERVICES, Inc.,
RON PRITCHARD, JETTE PRITCHARD, V. PAUL WILLIS,
and DENVER SPENCER, Jr., Defendants

High Court of American Samoa
Trial Division

CA No. 73-86

August 11, 1987

Before REES, Chief Justice.

Counsel: For Plaintiff, William Reardon
        For Defendant  Jette Pritchard, Roy J.D.
            Hall, Jr.
        For Defendants R. Pritchard Ground
            Services et al., Togiola T.A. Tulafono

On Motion for Relief from Judgment:

On October 17, 1986, plaintiff took a default judgment for $200,000 plus interest, attorney fees, and costs against several corporations whose president was Ron Pritchard. Default judgment was also taken against Mr. Pritchard and his then-wife, Jette Pritchard, who had co-signed the note giving rise to the claim.

On May 11, 1987, Jette Pritchard moved for relief from the judgment in accordance with Rule 60(b) of the Territorial Court Rules of Civil Procedure. She alleges that the Court never obtained jurisdiction over her because court records do not reflect that she ever received a copy of the complaint. She further alleges that she had always relied on her husband to deal with the family's legal affairs; that her husband had assured her that they would be represented by counsel in this litigation; that she was unaware that judgment had been taken against her until April 1987 when plaintiff approached her about a refinancing plan as an alternative to execution on the judgment; and that she immediately thereafter retained separate counsel to file this motion for relief from the judgment.

Assuming that the Court did obtain jurisdiction over Mrs. Pritchard notwithstanding the failure of the Court file to reflect proper service, Mrs. Pritchard has nevertheless demonstrated that her failure to appear in the action was "excusable neglect" within the meaning of Rule 60(b). She also asserts affirmative

-107-

defenses some of which, if proved at trial, would justify a result different than that of the default proceeding.[1] "It has been held in an extensive line of decisions that [Rule 60(b) is] to be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Tolson·v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951). See generally Wray v. Wray, DR No. 92-83, 5 A.S.R.2d ___ (1987) (Order and Opinion on Motion to Reconsider) and authorities cited therein.

---

[1] Aside from reiterating that the Court had no jurisdiction over her, Mrs. Pritchard says ·the interest rate "may be usurious" depending on information to be sought by discovery; that the contract was unenforceable against her because the plaintiff and defendant Ron Pritchard used "undue influence to obtain [Mrs. Pritchard's] execution of the said loan documents and that [she] did not fully understand the terms of the loan contract and their foreclosure remedies and further felt that under the circumstances she had no choice"; that plaintiff made material misrepresentations to the effect that the assets of the corporate borrowers were sufficient to cover the loans; and that the plaintiff has entered into a contract with Mr. Pritchard and the corporate defendants that "operates as a novation to relieve Jette Pritchard." Some of these allegations are vague, and the last one seems most unlikely. At the very least, however, the allegation that the Bank made a specific material misrepresentation in order to secure her signature meets the requirement that she allege a meritorious defense. It is not necessary that she prove at this stage in the proceedings that she would prevail on retrial, only that she establish the possibility. Regarding the allegations of misrepresentation and undue influence, counsel for plaintiff has responded that "this Defendant is a sophisticated business person with experience in these matters and not some naive housewife." Although this would be material in a trial, we cannot assume it for the purpose of deciding a Rule 60(b) motion.

The motion is granted and the judgment against Jette Pritchard is vacated.