**MARY NOBILE, Plaintiff**

v.

**PAUL J. FAUCI, Defendant**

Civil No. 1987/169

**MARY NOBILE, on behalf of CARRIE WILSON, Plaintiff**

v.

**PAUL J. FAUCI, Defendant**

Civil No. 1988/32

District Court of the Virgin Islands

Div. of St. Croix

January 11, 1989

THOMAS ALKON, St. Croix, V.I., *for plaintiff*

R. ERIC MOORE and LEE J. ROHN, St. Croix, V.I., *for defendant*

O'BRIEN, *Chief Judge*

## ORDER

THIS MATTER is before the Court on motion of plaintiffs, Mary Nobile, individually, and on behalf of her daughter, Carrie Wilson ("Nobile") pursuant to Fed. R. Civ. P. 60(b)(1) and (3), for relief from a stipulation of dismissal entered into with defendant, Budget Rent-A-Car ("Budget"). Nobile claims that the stipulation was entered into on the basis of certain misrepresentations on behalf of Budget, and that certain procedural irregularities regarding the stipulation render it defective. For the reasons that follow, we will grant Nobile's motion.

## FACTS

This dispute arises out of an automobile accident which occurred on St. Croix on May 5, 1987, when defendant Paul Fauci, a tourist, was driving a car he rented from Budget. Mr. Fauci has admitted he was driving on the wrong side of the road, i.e., the right side, when he collided with an oncoming car which was traveling in the correct lane. Plaintiffs were passengers in the vehicle when the accident occurred. Plaintiffs were injured and Nobile, individually, filed suit on June 23, 1987 against Fauci for negligence, and against Budget for failing to advise Fauci sufficiently concerning the need to drive on the left side of the road, and failing to place a "Drive Left" sticker on the dashboard of the vehicle, which allegedly is the practice of Budget and other rental car companies in the Virgin Islands. On February 8, 1988, Nobile filed suit on behalf of her daughter.

On May 16, 1987, Budget's attorney allegedly told plaintiffs' counsel that Budget had a photograph of the rental car which showed a "Drive Left" sticker on the dashboard and that the photograph was

an accurate representation of the vehicle at the time of the accident. Plaintiffs' counsel agreed that if the photograph was as Budget's attorney said it was, plaintiffs would dismiss the claim against Budget. Budget's attorney sent plaintiffs' counsel a photocopy of the photograph of the vehicle taken on June 26, 1987 by John Bach, an insurance adjuster. Plaintiffs' counsel interviewed Bach, who stated that he did take the photograph and that the sticker was on the car when the photograph was taken. On June 10, 1988, the parties signed the Stipulation of Dismissal with prejudice.

In preparation for taking the depositions of Nobile and Fauci, both of whom live in New York, which were scheduled for September 16, 1988, plaintiffs' counsel met with Nobile to review her case and prepare for her deposition. While reviewing the file of the injuries to the minor, plaintiffs' counsel "noted other photographs that had earlier been supplied of the autombile, which included photographs of the dashboard without a drive left sticker." Plaintiffs give no explanation as to how or when these photographs were first obtained for the file, nor why the absence of the sticker was not noticed earlier.

At his September 16, 1988 deposition, Fauci testified that there was no drive left sticker on the dashboard. He further testified that in the days following the accident he took a series of photographs of the rental car, which were processed in St. Croix through the "Uncommon Market" store. Plaintiffs' counsel showed the photographs of the dashboard of the car without the drive left sticker to Fauci, who identified the photographs as the ones he took. Fauci then was shown a photocopy of the photograph supplied by Budget which does show a drive left sticker on the dashboard, and Fauci stated that the sticker shown in the Budget photograph was not on the dashboard when the cars collided.

John Bach testified that he was contacted by Budget on June 26, 1987, three days after Nobile filed her complaint, to write an appraisal of the damage and to photograph the damaged vehicle. Bach took the photographs on the same day as contacted. It is Bach's photographs which Budget claims are an accurate representation of the vehicle at the time of the accident.

Nobile claims that the photograph offered by Budget was a misrepresentation of the rental car as it appeared on the day of the accident, May 16, 1987. Nobile claims that subsequent to the accident, but before Mr. Bach took the photographs of the car, Budget (or presumably someone acting on Budget's behalf) placed a drive

135

left sticker on the car's dashboard, hoping to absolve Budget from potential liability. In support of their claim, plaintiffs have submitted along with their motion and memorandum, copies of the correspondence between Budget's attorney and plaintiffs' counsel regarding the Budget photograph, a copy of the Budget photograph taken on June 26, 1988, a copy of Fauci's deposition, along with a photocopy of Fauci's photograph showing there was no drive left sticker, and the deposition of John Bach.

Nobile first argues that certain procedural irregularities in the stipulation and order of dismissal rendered it ineffective. Budget responds by stating the order is not procedurally defective and that the stipulation is valid as entered. It is not necessary for us to resolve the question of procedural irregularities, however, for even if the stipulation is valid as Budget argues, we hold that the stipulation should be set aside under Fed. R. Civ. P. 60(b).

## DISCUSSION

■■ The relevant language of Fed. R. Civ. P. 60(b) provides: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

Id. A party moving under Rule 60(b) must clearly establish the grounds for such motion to the satisfaction of the district court. Virgin Islands National Bank v. Tyson, 506 F.2d 802, 804 (3d Cir 1974). "To prevail, a movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). The decision of the Court regarding the motion is within the Court's discretion and reviewable under an abuse of discretion standard. Id. (citations omitted). The policy of the Federal Rules of Civil Procedure favors resolution of a case on its merits. Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951); Pizzichil v. Motors Insurance Corp., 90 F.R.D. 119, 122 (E.D. Pa. 1981).

■ In discussing the application of Rule 60(b), the Third Circuit stated that the Rule should be given liberal construction, that the

interests of justice are best served by a trial on the merits and that any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be resolved on their merits. Tozer, supra, 189 F.2d at 245. See also Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982); Estate of Murdoch v. Commonwealth of Pennsylvania, 432 F.2d 867, 870 (3d Cir. 1970). Although Tozer involved a default judgment, the principles enunciated by the Court are equally applicable to the case at bar since there has yet to be a trial on the merits.

In Estate of Murdoch, the Third Circuit reversed the district court's failure to set aside a judgment pursuant to Rule 60(b). In Estate of Murdoch, the driver of an automobile was killed when his car struck a gatepost in a fence alongside an expressway ramp. The plaintiffs originally sued the city and various other defendants, including a fence contractor which allegedly was involved in the construction of the fence. The fence contractor claimed in affidavits that it was not involved in any way with the design or construction of the gate, nor did it supply any of the materials used for the gate, gate post or fencing involved in the accident. The district court entered an order dismissing the contractor and soon after entered summary judgment on the cross claim filed by the City of Philadelphia. The city subsequently filed a 60(b) motion with attached photocopies of documents showing on the face that the fence had been installed by the contractor pursuant to a contract with the City. The district court denied the Rule 60(b) motion. The Court of Appeals reversed, stating:

> Clause (3) of Rule 60(b), F[ed]. R. Civ. P., makes a misrepresentation by an adverse party a ground for relieving a party from a final judgment against him. We think that such relief is especially appropriate where the judgment in question is a summary one, the entry of which has precluded a trial on the merits.

Estate of Murdoch, 432 F.2d at 870 (footnote omitted).

Budget argues that Nobile must present clear and convincing evidence of fraud or misrepresentation and that Nobile failed to meet this burden. Budget claims that Nobile has "produced nothing" to meet this burden. We disagree. Attached to her motion, Nobile submitted a photocopy of Fauci's photograph showing the absence of the drive left sticker and the deposition testimony of Mr. Fauci that there was no drive left sticker attached to the dashboard of the rental car.

137

■ The original stipulation of dismissal was agreed to by Nobile on the acceptance of Budget's assurances that the photograph showing a drive left sticker on the dashboard was an accurate representation of the car on the day of the accident. Budget states in its opposition that "[i]f plaintiffs' attorney had investigated the matter more thoroughly or conducted discovery more timely, this court would not be confronted with this motion." This statement disregards the entire foundation for Nobile's motion, namely, that misrepresentations by Budget led to the signing of the stipulation. As the Third Circuit stated in Estate of Murdoch in response to the claim that the motion was not filed within a reasonable time:

> [I]t hardly lies in the mouth of [the non-movant] to criticize the [movant] for accepting the allegations of [the non-movant's] motions and the affidavit of its secretary as true until the contrary appeared.

Estate of Murdoch, supra, 432 F.2d at 870. While we recognize that the stipulation was not entered into on the basis of affidavits, it was allegedly agreed to through assurances of Budget, communicated through its attorney, that the photograph was an accurate representation of the car at the time of the accident. Similarly, as the Third Circuit stated, albeit in dicta, in Associates Discount Corp. v. Goldman, 524 F.2d 1051, 1054 (3d Cir. 1975):

> It is clear . . . that equitable principles apply to resolution of the issues in 60(b) cases. . . . We think it important that, in appraising [movant's] due diligence, there be a corresponding consideration given to [non-movant's] part in contributing to the mistake on the part of [movant's] counsel.

Id. (citation omitted). Applying these principles to the facts of this case, we do not believe that all the fault lies with plaintiffs' counsels' accepting the allegedly erroneous representations of Budget concerning the photograph.

Budget argues that if we grant Nobile's motion, it will result in additional expense and delay in this matter and that we should not grant the motion. We disagree. The Third Circuit has expressed its view that Rule 60(b) should be liberally applied and we do not believe the additional expense and time required outweigh the benefits of setting aside the stipulation entered into between the parties. Cf. Estate of Murdoch, supra, 432 F.2d at 870 (rejecting claim that prejudice occurred by destruction of documents in interim between dismissal and granting Rule 60(b) motion).

138

■ In its opposition, Budget claims that Nobile has failed to state a claim upon which relief can be granted, relying upon an order granting summary judgment for the defendant rental car agency in Kimelman v. Callahan, Civil No. 84-412 (St. Thomas, April 17, 1986). We note that the copy of the order attached to Budget's opposition is neither signed by Judge Christian, nor time-stamped by the Clerk's office indicating the order had been entered. Disregarding these apparent deficiencies, Kimelman is distinguishable. In Kimelman, the Court found that the rental agency had in fact placed a drive left sticker on the car. In the case at bar, however, that is precisely the issue being disputed, whether or not there was a sticker on the car at the time of the accident. We therefore disagree with Budget's claim that Nobile has failed to state a claim on which relief can be granted.

■ The Third Circuit case law on Rule 60(b) is clear that any doubt should be resolved in favor of resolution of a case on the merits. Tozer, supra, 198 F.2d at 245; Estate of Murdoch, supra, 432 F.2d at 870. Applying these principles and others set out above, we believe that stipulation and order of dismissal should be set aside under Fed. R. Civ. P. 60(b)(3).

The premises having been considered, now therefore it is

ORDERED:

THAT plaintiffs' motion for relief from the stipulation of dismissal be GRANTED.