**SAMOA PRODUCTS, INC., Plaintiff**

**v.**

**JOE A'ASA, Defendant**

High Court of American Samoa
Trial Division

CA No. 19-85

November 9, 1990

Before REES, Associate Justice, AFUOLA, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, William H. Reardon
Defendant A'asa pro se

On Motion to Set Interest on Judgment:

This case arose in January of 1985 when plaintiff filed a pleading entitled "Complaint on Open Book for Building Supplies." It alleged that, between April 1983 and June 1984, plaintiff had sold defendant some building materials but that defendant had not paid for these materials. The "amount due and owing" was said to be $7,877.77. It was not stated whether this was the purchase price of the building materials or whether additional amounts for interest, attorney fees, etc., were included.

In June of 1986 the plaintiff amended its complaint to state that the "current balance which includes interest which Defendant agreed to pay" was $9,366.45.

In July of 1986 the plaintiff secured an entry of default and also requested "default judgment by clerk." The Court, which earlier in 1986 had abolished the practice by which judgments could be entered by the clerk without judicial scrutiny of the claim, ordered that the motion for default judgment be set for a hearing.

In August of 1986 counsel for plaintiff filed a "Stipulation for Judgment and Order" signed by himself and by the defendant. It stipulated to the entry of a judgment in the amount of "$9700 inclusive of interest, costs and attorney's fees." The stipulation added that the defendant would "pay said judgment at the rate of 10% per annum in thirty six (36) installments of $313 per month . . . until paid in full." The Court signed the stipulated order.

It appears that defendant did not meet the payment schedule but that plaintiff garnished defendant's wages and collected $9700 by mid-1990. The present motion seeks to add an additional amount of $2585.20 to the judgment as interest.

Defendant appeared pro se and stated that when he had signed the agreement he had understood that he would be paying a total amount of $9700 and that he "did not know where this ten percent comes from."

The Court determined that post-judgment interest should be set at the rate of six per cent specified by A.S.C.A. § 28.1501(a) as the maximum enforceable rate on unwritten contracts. The Court observed that the judgment did not explicitly provide for post-judgment interest. Indeed, the stipulation explicitly states that the stipulated amount of $9700 is "inclusive of interest." Although the phrase "shall pay this judgment at the rate of 10% per annum" (contained in a subsequent paragraph having to do with a payment schedule) would probably convey to most lawyers and business people the idea that post-judgment interest would be charged notwithstanding the earlier "$9700 inclusive of interest" language, this would by no means be clear to a layman of ordinary intelligence and sophistication. (The present defendant, moreover, appears to be only somewhat fluent in English and even less so in Latin.)

At the hearing on the present motion, defendant objected to paying even six per cent interest. The Court observed, however, that the law would allow plaintiff to collect six per cent post-judgment interest even if defendant had signed no stipulation. The Court then announced that if plaintiff recalculated the post-judgment interest to reflect the legal rate of six per cent, the Court would grant a motion to add this amount to the judgment.

On reflection, we believe that we erred by accepting uncritically the $9700 stipulated judgment amount as the base figure for calculating post-judgment interest. Assuming that the correct interpretation of the

judgment was "$9700 plus interest" rather than "$9700 inclusive of interest," we should have taken defendant's objection to paying interest as a motion for relief from the judgment.

Had the defendant explicitly moved for relief from judgment under T.C.R.C.P. Rule 60(b), we would have granted the motion. The circumstances surrounding the judgment --- that the case was not actually litigated, that the stipulation resulted from dealings between an attorney and an unrepresented party, that the unrepresented party may have believed himself to be stipulating only to pay $9700 "inclusive of interest," and that such an interpretation was not altogether unreasonable under the circumstances --- constitute "other reason[s] justifying relief from the operation of the judgment" within the meaning of Rule 60(b)(6). Where judgment has resulted from confession or default, a motion for relief from the judgment is made within a reasonable time, and there is even a minimal showing that a trial might have produced a different outcome, there is a strong presumption that the judgment should be set aside "so that cases may be decided on their merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *see also Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242 (3d Cir. 1951); *Federal Deposit Insurance Corp. v. Barness*, 484 F. Supp. 1134 (E.D. Pa. 1980); *Amerika Samoa Bank v. R. Pritchard Ground Services, Inc.*, 5 A.S.R.2d 106 (1987); *Wray v. Wray*, 5 A.S.R.2d 34 (1987).[1]

---

[1] The "confession" situation must be distinguished from settlement and compromise in which each party makes a deliberate decision that the costs and risks of litigation exceed the possible advantages to be gained by it. Although a confession of judgment can always be dressed up to look like a settlement, it should not be so treated when the circumstances suggest that there was neither genuine negotiation nor compromise. As we noted in *Development Bank of American Samoa v. Ilalio*, 5 A.S.R.2d 110 (1987), a settlement will not ordinarily be enforced when

(1) the party that drafted and pressed for the "settlement" is a business entity experienced in and familiar with such transactions; (2) the other party is an individual who has no such experience or familiarity and who generally signs the document without benefit of legal counsel; (3) the transaction was a whirlwind settlement in which there was no evidence that the weaker party negotiated, deliberated, or fully understood what he was giving up, and in which the stronger party employed threats or promises (usually threats or promises to do things that the stronger party had a legal right to do) to encourage a quick decision; and (4) the exchange was lopsided, consisting of the surrender of potentially valuable legal rights by the weaker party in exchange for a small sum or other trivial consideration from the stronger party.

*Id*. at 124-25 n.8. *See also Bank of Hawaii v. Ieremia*, 8 A.S.R.2d 177 (1988), citing the *Ilalio* standards in rejecting a "consent judgment" much like the one in the present case.

69

An examination of the pleadings in this case reveals that a trial, or even a default hearing at which plaintiff would have been required to produce evidence to support its claim, would almost certainly not have led to a judgment as high as $9700. Plaintiff's original complaint in January 1985 stated that the amount due was $7877. The amended complaint in June 1986 stated that the debt had grown to $9366. This indicates either that interest was being charged at the rate of at least 15% or that other unspecified items, such as attorney fees, had been added to the "amount due" between 1985 and 1986. Additional interest and attorney fees were included in the $9700 stipulated judgment.

If, as would appear from the present record, the contract sued upon was an unwritten one affording no contractual or legal basis for variation from the rule that each party pays his own attorney fees, then plaintiff was entitled to recover only the principal amount plus six per cent pre-judgment interest. Post-judgment interest would also have accrued at the statutory rate of six per cent. If, as we deduce from the rate of growth in the "amount due" between 1985 and 1986, the price defendant agreed to pay for the goods he purchased during 1983 and 1984 was no more than $7000, then plaintiff could have recovered no more than $9575 (including principal, pre-judgment interest, post-judgment interest through 1990, and $55 in court costs) had its claim been submitted to judicial scrutiny. Plaintiff has already collected more than this amount.

---

Counsel for plaintiff suggests that the stipulation for judgment in this case was a genuine compromise because plaintiff agreed to a payment schedule and would otherwise have had the right to seize the whole amount immediately. This ignores the effect of the "order in aid of judgment" statute, A.S.C.A. § 43.1501, which requires the Court, upon application from a judgment debtor, to order a payment schedule which "*shall* allow the debtor to retain such property and such portion of his income as may be necessary to provide the reasonable living requirements of the debtor and his dependents," specifically including traditional Samoan family obligations such as those cited by the present defendant . as his reason for not having met the stipulated payment schedule. (Emphasis added.) Typically, therefore, a creditor in American Samoa gives up nothing by agreeing to a reasonable payment schedule. Unless there are some pretty startling facts outside the present record --- which plaintiff may bring to the Court's attention by affidavit should it move for reconsideration of this opinion and order --- the stipulation here was as lopsided as they come.

This case differs from some of the more egregious instances in which settlements have been held unenforceable, in that plaintiff's counsel says he recommended to defendant at one point that he retain a lawyer. Although commendable, such a recommendation cannot singlehandedly insulate from judicial scrutiny a stipulated judgment from which relief should otherwise be granted. *Cf. Pardikouris v. The S/S Olympos*, 185 F. Supp. 140 (S.D.N.Y. 1960).

Accordingly, we construe defendant's statement that he should be required to pay only $9700 as a motion for relief from judgment in any greater amount. For the reasons stated, we grant the motion. The judgment will be revised to reflect an amount of $9700 inclusive of *all* interest including post-judgment interest. As such, the judgment has been satisfied.

It is so ordered.