**488**

BILLY STEINBERG MUSIC, et
al., Plaintiffs,

v.

Frank BONIN, Defendant.

Civ. No. 89–0451.

United States District Court,
M.D. Pennsylvania.

Jan. 9, 1990.

Nancy Merrill Wilson and John P. McShea, Hoyle, Morris and Kerr, Philadelphia, Pa., for plaintiffs.

David L. Kurtz, Lake Ariel, Pa., for defendant.

## MEMORANDUM

NEALON, District Judge.

Presently before the court in this action under 17 U.S.C. §§ 502(a), 504(c) and 505, charging defendant with copyright infringement, are the motions of the plaintiffs for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (Rule 55) and defendant's motion to set aside entry of default. *See* documents 9 and 10 of record. For the reasons that follow, the court will enter default judgment in favor of the plaintiffs and will deny defendant's motion to set aside the default.

### I. Background

Plaintiffs filed this action on March 30, 1989, contending that defendant played certain of plaintiffs' copyrighted music at his place of business, viz., a roller rink. *See* document 1 of record. On June 5, 1989, no responsive pleading having been filed by defendant, plaintiffs filed for entry of default pursuant to Rule 55(a). *See* document 5 of record. Default was entered by the Clerk of Court for the United States Court for the Middle District of Pennsylvania on the same day. *See* document 6 of record.

On August 31, 1989, plaintiffs filed a motion for default judgment pursuant to Rule 55(b). *See* document 9 of record. Defendant responded on September 5, 1989 by filing a motion to set aside the default, followed by a supporting memorandum. *See* documents 10 and 12 of record. Plaintiffs replied with an affidavit and memorandum in support of their motion for default judgment. *See* documents 11 and 13 of record.

All the documents necessary for consideration of the instant motions are now before the court. Accordingly, these motions are ripe for disposition.

## II. Discussion

Federal Rule of Civil Procedure 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Under Rule 60(b), the court may relieve a party from a final judgment based on mistake, inadvertence, surprise, or other excusable neglect. *See* Fed.R.Civ.P. 60(b)(1). As a general matter, the United States Court of Appeals for the Third Circuit does not favor default judgments and, in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits. *See Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir.1987); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir.1983).

A decision to vacate entry of default is in the discretion of the court. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–195 (3d Cir.1984). In exercising its discretion, the court must consider the following factors: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions. *Emcasco Insurance Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987); *Scarborough v. Eubanks*, 747 F.2d 871, 875–878 (3d Cir.1984).

In the present case, the court does not find that the plaintiffs would be substantially prejudiced by the setting aside of this default. The financial costs inherent in setting aside a default and the concomitant delay in realizing satisfaction will rarely establish the requisite degree of prejudice. *Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656–657 (3d Cir.1982). The lack of prejudice, however, is not, by itself, sufficient to warrant the setting aside of the default. Instead, defendant must also establish the existence of some or all of the other factors enumerated above.

■ In order to establish a "meritorious defense," the party seeking to have the default set aside must establish that the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *Interior Finish Contractors Association of Delaware Valley v. Drywall Finishers Local Union No. 1955*, 625 F.Supp. 1233, 1239 (E.D.Pa. 1985) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). The allegations must be specific and not mere denials or conclusory statements. *Id.*

Defendant's argument that he has a meritorious defense to this action is based upon Section IX of the Amended Final Judgment in *United States v. American Society of Composers, Authors & Publishers* (ASCAP), No. 13–95, (S.D.N.Y. March 14, 1950). The provisions of Section IX read, in pertinent part, as follows:

(A) Defendant ASCAP shall, upon receipt of a written application for a license for the right of public performance of any, some or all of the compositions in the ASCAP repertory, advise the applicant of the fee which it deems reasonable for the license requested. If the parties are unable to agree upon a reasonable fee within sixty (60) days from the date when such application is received by ASCAP, the applicant shall forthwith apply to this Court for the determination of a reasonable fee. Pending the completion of such negotiations or proceedings, the applicant shall have the right to use any, some or all of the compositions in the

ASCAP repertory to which its application pertains, without payment of fee or other compensation, but subject to the provisions of Subsection (B) hereof ...

(B) When an applicant has the right to perform any composition in the ASCAP repertory pending the completion of any negotiations or proceedings provided for in Subsection (A) hereof, either the applicant or ASCAP may apply to this court to fix an interim fee pending final determination of what constitutes a reasonable fee ...

*Id.* Slip op. at pp. 6–7.

In the present case, defendant's counsel sent a letter to ASCAP on October 28, 1988 requesting an application for a license on behalf of his client.[1] *See* document 10, exhibit A. This request came as part of the settlement of another copyright infringement action previously filed against defendant in this court. *See Falwater Music, et al. v. Bonin,* Civil No. 87–1674. On December 6, 1988, ASCAP informed defendant's counsel that it was considering his October 28, 1988 letter as an application and enclosed a licensing agreement whereby defendant would agree to pay $240.00 per year to ASCAP. *See id.,* exhibit B. On January 6, 1989, ASCAP, having received no response to its December letter from defendant or defendant's counsel, sent a letter to defendant informing him as follows:

... [S]ince the sixty-day negotiating period prescribed by Section IX(A) of the Amended Final Judgment has now expired and you have not applied to the court [for determination of a reasonable fee], this letter is formal notice that Bonin's Roller Rink is no longer licensed by ASCAP pursuant to Section IX(A) of the Amended Final Judgment.

We remind you that while your establishment is not licensed by ASCAP, any performances of copyrighted musical compositions in the ASCAP repertory

without permission obtained directly from the members-in-interest are infringements of copyright under the United States Copyright Law.

*See id.* exhibit D. Apparently, ASCAP computed the sixty day period from the date of the October 28, 1988 letter.

Defendant claims that he was permitted to use the copyrighted material on the date of the alleged infringement (January 21, 1989) because he reasonably believed that he was still within the sixty day negotiation period provided for in Section IX of *U.S. v. ASCAP* at that time.[2] *See* document 12 at 3. Moreover, defendant argues that ASCAP ignored the requirements of Section of *U.S. v. ASCAP* when, in its letter of January 6, 1989, it unilaterally determined that negotiations were completed. *See id.*

Plaintiffs argue that defendant can point to no date of application from which the sixty day negotiation period began to run. *See* document 13 at p. 10. Additionally, plaintiff's argument continues, even if defendant had reasonably believed he was free to use the copyrighted material before receipt of the January 6, 1989 letter, there is no way he could continue to maintain such a belief once he had read the warning contained in that letter. *See id.* This suit was filed March 30, 1989 and even up to the present time, defendant has not paid any money for an ASCAP license.

■ The court is unpersuaded that defendant's contentions present a meritorious defense to the present action. The procedures and time limits for negotiating disputed license fees are set out in plain and unambiguous language in Section IX of *U.S. v. ASCAP.* Those procedures allow a prospective applicant to use compositions in the ASCAP repertory during the sixty day negotiation period, which is measured from the date of ASCAP's receipt of the application.

---

**1.** In using the term "defendant's counsel", the court refers to David Kurtz, Esquire. Attorney Kurtz did not actually enter an appearance as defendants' counsel, however, until the date upon which the motion to set aside default was filed.

**2.** The record indicates that defendant was first notified by ASCAP of the January 21, 1989 violation when he was served with the complaint.

The only possible application date in the present case is October 28, 1988; the date of defendant counsel's letter to ASCAP requesting an application. ASCAP subsequently informed the defendant that it was considering the October 28, 1988 letter an application and that it would require a $240.00 license fee. The record does not reveal any attempt by the defendant or his counsel to negotiate the fee at any time within the sixty day period[3] or to file an application for fee determination with the United States District Court for the Southern District of New York as provided for in Section IX of *U.S. v. ASCAP*. Additionally, there is no indication in the record that at any time before filing the present motion defendant had ever responded to or in any other way contested ASCAP's assertion in its letter of January 6, 1989, that the sixty day negotiation period had ended.

Based upon these facts, the court concludes that defendant could not have reasonably believed on January 21, 1989 that he was still free to use compositions from the ASCAP repertory without a license. Thus, defendant has no meritorious defense to this action.

■ The next factor that must be considered is whether defendant's failure to answer was culpable or excusable. In *Interior Finish Contractors*, "culpable conduct" was defined as follows:

> [t]o be 'culpable' the conduct must have been willful, intentional reckless or in bad faith. More than mere negligence is required. The court is required to consider the extent to which defendant's conduct is attributable to defendant and the extent to which it is attributable exclusively to defendant's counsel.

*Interior Finish Contractors*, 625 F.Supp. at 1239; *see also Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984); *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir.1984).

Defendant's excuse for his delay is based upon his belief that, although he was served with the complaint, "there were proceedings taking place (i.e. scheduled pre-trial conferences, negotiations with ASCAP regarding proper procedure to follow in S.D.N.Y. to challenge license fee) which would negate the need to file a formal answer." *See* document 12 at pp. 3–4. Additionally, defendant makes reference to his wife's illness during this period. *See id.*

As plaintiffs point out, however, defendant's intentional failure to respond in any manner to the complaint or even to hire an attorney to represent him in this action cannot be excused by his unilateral belief that the matter would settle. *See* document 13 at pp. 12–13. Moreover, there is no evidence in the record of any attempts at settlement of this action made by the defendant. Thus, the court concludes that defendant's failure to answer the instant complaint was the result of his own culpable conduct and hence, not excusable.

■ Finally, the court is required to consider the effectiveness of alternative sanctions. *See Poulis*, 747 F.2d at 869 ("Dismissal must be a sanction of last, not first, resort.") In the present matter, however, none of the parties have suggested any alternative sanctions short of denying the motion to set aside default. Furthermore, in the court's view, denial of defendant's motion to set aside the default is an appropriate sanction for defendant's conduct in this matter.

As to the issue of damages, defendant does not contest the plaintiff's proposed statutory damage amount of $1,500 for each of the five alleged infringements. *See* document 9 of record. Similarly, defendant does not challenge the plaintiffs' entitlement to $3,409.55 in attorneys' fees and costs, which are itemized in the affidavit of the plaintiffs' counsel. *See* document 11 of record. Because defendant does not

---

**3.** In fact, defendant did not make ASCAP aware of his dissatisfaction with the fee until defendant's counsel's letter of April 28, 1989. *See* document 10 of record, exhibit E. In that letter, defendant's counsel stated only that he was seeking "information regarding the appropriate proceeding to challenge the annual license fee"; no mention of this action or any possible settlement negotiations was made. *See id.*

challenge these amounts, and because the court, in its discretion, finds them to be just, the court will award statutory damages of $1,500 per infringement for a total of $7,500, and attorneys' fees and costs of $3,409.55.

### III. Conclusion

For the reasons set forth above, the court will grant the motion of the plaintiffs for default judgment, deny the defendant's motion to set aside default and will enter default judgment in favor of the plaintiffs and against the defendant. An appropriate Order will enter.

### ORDER

NOW, this 9th day of January, 1990, IT IS HEREBY ORDERED THAT:

(1) The motion of the plaintiffs for default judgment is granted.

(2) The motion of the defendant to set aside default is denied.

(3) Default judgment is entered in favor of the plaintiffs and against the defendants.

(4) Defendant and all persons acting under the direction, control, permission, or authority of defendant are permanently enjoined from publicly performing plaintiffs' copyrighted musical works, and from causing or permitting such works to be publicly performed in or broadcast from defendant's premises, or in any place owned, controlled or conducting by defendant, and from aiding or abetting the public performance of such compositions in any such place or otherwise unless and until defendant has obtained proper authorization to perform such works.

(5) Statutory damages in the amount of $1,500 per infringement are awarded to the plaintiffs for a total of $7,500.

(6) Attorneys' fees and costs in the amount of $3,409.55 are awarded to the plaintiffs.

(7) The Clerk of Court is directed to close this case.